## SALTER v. BECKER ROOFING CO.
### Civil No. 405–M.

District Court, M. D. Alabama, N. D.
May 17, 1946.

E. Burns Parker, U. S. Atty., and Thomas M. Stowers, Asst. U. S. Atty., both of Montgomery, Ala., for petitioner.

B. P. Crum, of Steiner, Crum & Weil, all of Montgomery, Ala., and Joseph G. Slottow, of Chicago, Ill., for respondent.

CHARLES B. KENNAMER, District Judge.

Petitioner H. S. Salter, a resident of the middle district of Alabama, and veteran of world war II, brings this suit for reemployment under Section 8(e) of the Selective Training and Service Act of 1940, 54 Statutes 890, as amended, 56 Statutes 724, 50 U.S.C.A.Appendix, § 308(e). Respondent filed an answer to the petition, denying all the material allegations, and further, stating that petitioner was offered a position of like seniority, status and pay, by respondent.

This court having heard testimony offered by the Plaintiff and the Respondent on the

petition and answer, and the argument of counsel for the respective parties, makes the following finding of facts and conclusions of law, with order and opinion attached:

### Findings of Fact

H. S. Salter, petitioner, became an employee of the Becker Roofing Company, a corporation, respondent, in the year 1938. He remained as such until he entered the naval forces of the United States of America on August 21, 1943. Prior to his enlistment into the United States Navy and on February 19, 1943, petitioner Salter was made Branch Manager of the Montgomery, Alabama, office of the Respondent Becker Roofing Company, and he held such position at the time he was inducted into the Navy. Petitioner was honorably discharged from the Navy on November 5, 1945, and returned to Montgomery. By letter, undated, but written, according to the testimony, sometime between December 5 and 10, 1945, petitioner applied to Mr. N. J. Bond, a vice president of the Respondent Becker Roofing Company, 1880 Milwaukee Avenue, Chicago, Illinois, for reemployment as Branch Manager of the Montgomery, Alabama, office. This letter was as follows:

"Route One,
"Elmore, Alabama.
"Mr. N. J. Bond,
"Becker Roofing Co.,
"1880 Milwaukee Avenue,
"Chicago, Illinois.
"Dear Mr. Bond:

"I am out of the Navy at last and have enjoyed a few days of rest. Now I am ready to get back to work again.

"It is my understanding that you intend to check Lockhard into the Birmingham office on January first. If you wish to do the same with me at Montgomery, it will be entirely satisfactory with me.

"My tour of duty was quite an extensive one and I look forward to swapping yarns with you again.

"The Navy also released my wife a few days prior to my discharge and we are reunited for the first time in twenty two months.

"Please advise me as to your wishes relative to the Montgomery office at your earliest convenience.

"Yours very truly,
"(Signed)   H. S. Salter."

In reply to this letter, Mr. Bond, in a letter dated December 12, 1945, replied as follows:

"Now in regard to the Montgomery office, we have a contract with Mr. Slingluff for five years and under this condition he took the Montgomery office over, but we have a couple of spots in mind to open up, some new branches and the one on the preferred list is Little Rock, Arkansas. I have tentatively offered to open up a branch for Stewart at Nashville.

"I have every reason to believe that Little Rock would be an especially profitable spot and we are glad to offer it to you at the same salary and under exactly the same conditions that you were operating under at Montgomery. We will endeavor to open up one of these branches very shortly after the first of the year.

"I am sorry it is impossible to give you the Montgomery office, as per your request, but under conditions existing, it is impossible.

"Trusting one of these spots will meet with your approval and hoping to hear from you in the very near future, I am

"Yours very truly,
"Becker Roofing Company
"N. J. Bond."

Correspondence between the petitioner Salter and the Becker Roofing Company, through its vice president, Mr. N. J. Bond, continued until January 23, 1946; the petitioner insisting in his letters that he be given his former position as Manager of the Montgomery, Alabama, office, and the respondent replying that this could not be done and offering to make him a Branch Manager in some other territory, preferably Little Rock, Arkansas, or Nashville, Tennessee.

At the time petitioner Salter entered the naval forces, he was employed by the Respondent at a salary of $35 per week, less legally authorized deductions and withholdings, plus $5 per week for the use of petitioners personally owned automobile

which he used in connection with the business, and all expenses of the operation of said automobile, plus 20% of all net profits derived from the business of the Montgomery, Alabama, office.

Respondent, in offering the petitioner the place at Little Rock, Arkansas, or Nashville, Tennessee, stated that he, petitioner, "would be under exactly the same conditions, rate of pay and everything you had at Montgomery." (From letter of December 27, 1945.)

It had been a uniform custom and policy of the respondent Becker Roofing Company, since 1920, to transfer Branch Managers from place to place, at the Company's will and desire. This was the custom and policy of the company at the time petitioner was Branch Manager of the Montgomery, Alabama, office; at the time he entered the navy, and is the custom and policy at the present time.

The present Manager of the Montgomery office was transferred from Little Rock, Arkansas, shortly after the petitioner entered the Navy. The Little Rock office was closed upon his being transferred to Montgomery, and this territory was placed under the Memphis, Tennessee, office of the Respondent Company.

The present Manager of the Montgomery office receives from the respondent company a salary of $45 per week, plus $5 per week and all expenses of his automobile, plus 20% of the net profits derived from the business of the Montgomery office.

Petitioner is now, and was at the time he entered the navy, in the process of buying a home in Montgomery.

Petitioner, since January 1, 1946, as an employee of the Auto Items & Screw Company, has earned $192. He has, since January 1, 1946, received from the United States government $360 rehabilitation compensation.

The petitioner's services, at the time he entered the armed forces, were satisfactory to the respondent; the position he held as Manager of the Montgomery branch was not a temporary one; he is willing and able and qualified to resume and perform the duties of this position; and he made application to the respondent for reemployment within ninety days after his honorable discharge from the navy.

## Conclusions of Law.

Subsection (b) of Section 308, Title 50 United States Code Annotated Appendix, which is the statute under which this suit is brought, is as follows:

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—* * *

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

These sections should be construed as liberally as possible, so that military service should entail no greater setback in the private pursuit or career of returning soldier than is unavoidable. Kay v. General Cable Corporation, 3 Cir., 144 P.2d 653.

## Opinion of the Court.

This case is a difficult one. It is one of the first to be prosecuted under this statute, therefore, the court is without an appellate court decision that is even remotely in point to guide it in its determination of the issue involved in this matter. Under all the facts and circumstances of this case, this court is of the opinion that the petitioner is entitled to be reemployed by the respondent in his former position as Manager of the Montgomery, Alabama, branch office, at the same rate of pay as is being paid the present Manager of that office. However, this court is not, and would not, have it appear that it is incumbent upon all employers to reemploy former employee-veterans under this Act at the same place of employment as the one

they had before entrance into the armed service. The statute makes no such requirement and, although this decision holds that this petitioner must be given his former job back as Manager of the respondent's Montgomery office, the rule is not general, but special, as the court feels that the facts of this particular case merits such a requirement on the part of the employer.

The part of the Act which reads: "such employer shall restore such person to such position or to a position of like seniority, status, and pay * * *" is the troublesome feature of this case before the court at this time.

The respondent alleges that this part of the Act was complied with when they offered to reemploy the petitioner as a Branch Manager of the Little Rock, Arkansas, office or the Nashville, Tennessee, office, at the same rate of pay that he was receiving at the time he entered the armed forces, that is: $35 per week salary, plus $5 per week for use of his personal automobile and all expenses of the automobile, plus 20% of the net profits derived from the business of the branch office. The petitioner insists that such would not be a restoration to like pay, due to the fact that the net profits derived from the business of the branch office at either Little Rock or Nashville is not as much as those derived from the business at Montgomery. The court is inclined to agree with the contention of the petitioner.

There is presently no branch office at either Little Rock or Nashville. It would be incumbent upon the petitioner, if the court should hold that the statute was being complied with by the respondent offering him such a position at Little Rock or Nashville, to go there and open a branch office, whereas, the Montgomery office is now and has been since February, 1943, a branch office, fully staffed with employees and brokers. The net profits of the Montgomery office are now greater than at Little Rock or Nashville and therefore the commission for the Branch Manager would be considerably more at Montgomery than at either of the other places.

After the petitioner entered the armed forces, the respondent made an agreement with the present Branch Manager of the Montgomery office, for his services as such Manager for a period of five years and are therefore under obligation to keep the present Manager in this position, as per contract. However, the respondent could not, by such agreement, or otherwise, circumvent or nullify the provisions of the statute, and any agreement in conflict with the statute was null and void. The rights of the veterans were secured to him by the Act of Congress and could not be set aside by agreement between his former employer and a third party.

The petitioner has a home in Montgomery, to which he returned after his discharge from the navy. The court is aware of the fact that a housing shortage exists throughout the country, and it would be a difficult task to find a home in Little Rock or Nashville. It would also be a financial burden on the petitioner to move from Montgomery to either of these places. This is a burden that must be considered in order to determine whether the former employee-veteran is being restored to a position of like status and pay.

Considering all the facts and circumstances proven in this case, the respondent did not offer to restore the petitioner to a position of like seniority, status, and pay, that petitioner held with respondent at the time he enlisted in the United States Navy, and the respondent's circumstances did not change so as to make it impossible or unreasonable to restore petitioner to the same position and at the same place he had when he enlisted in the navy.

## Order of the Court.

It is ordered, adjudged and decreed by the Court that the respondent, Becker Roofing Company, restore and reemploy the petitioner, H. S. Salter, to the position of Manager of the respondent's Montgomery, Alabama, branch office, beginning not later than June 1st, 1946, at a rate of pay of at least $45 per week salary, less withholding tax and other legally authorized deductions, plus $5 per week for the use of petitioner's personally owned automobile, and all expenses of operation of such

automobile, if petitioner uses such automobile in the conduct of respondent's business, plus 20% of the net profits of the Montgomery, Alabama, branch office.

It is further ordered, adjudged and decreed by the Court that respondent, Becker Roofing Company, pay to petitioner, H. S. Salter, as salary due him for the period of time between January 1, 1946, the date the court now holds said petitioner should have been restored and reemployed by respondent as Manager of the Montgomery, Alabama, branch office, and June 1, 1946, or any day previous thereto at which the respondent does reemploy the petitioner as such Branch Manager, the sum of $45 per week, less withholding tax and other legally authorized deductions, plus 20% of the net profits of the Montgomery office from January 1, 1946, to time of petitioner's reemployment as Branch Manager of this office by respondent, less the sum of $552, being the amount of compensation the petitioner received from the United States Government during this period of time as rehabilitation pay, and money earned during this period of time in other employment.

Respondent is taxed with the cost in this case, for which execution will issue.