## KAN v. TSANG et al.

### No. 25864.

District Court, N. D. California, S. D.

Nov. 13, 1947.

Frank J. Hennessy, U. S. Atty., and R. J. Scholz and Joseph Karesh, Asst. U. S. Attys., all of San Francisco, Cal., for petitioner.

Robert E. Hatch, of San Francisco, Cal., for respondent Ernest Tsang.

ROCHE, District Judge.

This is an action brought under Section 8 of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 308. The petitioner originally sought employment reinstatement together with compensation for loss of wages and benefits resulting from respondents' alleged refusal to reinstate him, but he now asks only a money judgment for such compensation, waiving other rights that he may have under the Act.

Respondents defend on two grounds: First, that the issues herein have already been decided adversely to petitioner in certain proceedings in the superior court of the state of California, and second, that respondents offered to re-employ the petitioner at the salary he was receiving when he entered the armed forces but that petitioner refused to accept the offer unless it would include a three year contract of employment.

The record discloses that the petitioner Kan was not only one of the founders of the Cathay House, a restaurant in San Francisco, but its active head and the man whose energy and ability were largely responsible for its phenomenal success. After its founding the respondent Tsang bought shares of stock in the business and he and the petitioner became the President and Secretary, respectively, of the corporation. They were co-managers, each receiving the same salary. When Kan received a salary increase, Tsang likewise received an increase. When Kan enlisted in the armed

forces on July 23, 1943, he and respondent Tsang were both making $500 a month. At that time, Tsang, by additional purchases of shares of stock, had gained a controlling interest in Cathay House.

■ While petitioner was in the service the corporation was changed to a partnership, Tsang becoming a general partner and petitioner a limited partner, along with others. This change was agreed to by petitioner's wife, who was also employed at Cathay House and to whom petitioner had given power of attorney, but the evidence is conflicting as to whether she and her counsel endeavored to have the change delayed until the petitioner came home on leave. In any event, the change was one of form only. The interested parties remained the same and the restaurant business was conducted as before. Such a reorganization was ineffective to cut off the petitioner's rights under the Selective Service Act.

The petitioner was honorably discharged from the service on November 26, 1943, and shortly thereafter asked respondent Tsang to re-employ him. Tsang was then earning $750 per month.

From this point on the record contains much conflicting testimony but it does clearly appear that at no time during the negotiations that followed petitioner's request for re-employment was the petitioner offered the position of co-manager with the same salary as Tsang was then receiving. The most that was offered was his old salary of $500 a month and there is persuasive evidence that even that offer was conditioned on Kan's signing what the parties denominated a "waiver" or "release." The situation culminated in Tsang's filing an action for declaratory relief in the state court, in which Kan filed an answer and cross-complaint. Judgment was given in favor of Tsang. Kan and three others subsequently filed a suit for an accounting and dissolution of the partnership. The partnership was dissolved and the property sold, Tsang being the purchaser.

■ Respondents' defense of res judicata is based on the foregoing state court proceedings. It is true that the state court made a finding that respondent Tsang and the partnership had offered to restore Kan to the same position which he had held with the Cathay House corporation, but even assuming that such an offer met the Act's requirements, this finding cannot bind a federal court. The same defense of res judicata, based on a declaratory judgment rendered by the Ohio state court, was raised by the respondents in the case of Trailmobile Co. v. Whirls, 6 Cir., 154 F.2d 866, 871, an action by a veteran for restoration to his seniority status as it existed prior to his entry into military service. The Sixth Circuit Court of Appeals disposed of the defense in the following language: "The interpretation by the state court of the rights of a citizen under a federal statute is not binding upon the federal courts." The question for decision is thus one of fact— did any offer of re-employment made by respondents to petitioner comply with the terms of the Act.

■ So far as pertinent, the Act provides that if a position, other than a temporary position, was in the employ of a private employer, the person so employed shall be restored to such a position unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so. It is further provided that such restoration shall be without loss of seniority. The courts have been very liberal in construing these provisions, having in mind the purpose of the statute. They are more than patriotic promises. Rather, they are a guarantee to the honorably discharge veteran that, upon application timely made, he will be restored to his former position or to one of like seniority, status and pay and that he will lose no seniority in the process. If during the veteran's service in the armed forces, the person filling his position receives a higher salary, an offer to re-employ the veteran at his old salary is not a compliance with the Act. The veteran must be given the benefit of any wage increases that have been made during his absence. Salter v. Becker Roofing Co., D.C., 65 F.Supp. 633. To the same effect are the decisions of the United States District Court for the Southern District of California in Parker v. Boyce and Covey v. Douglas Aircraft Co.

■ In the instant case, when the petitioner enlisted in the army he was co-man-

510

ager with the respondent Tsang of the Cathay House and received the same salary. Upon his honorable discharge and application for re-employment, he was entitled to be restored to the position of co-manager and to receive the same salary that Tsang, the other co-manager, was receiving. An offer of anything less was not a compliance with the Act's provisions, nor was an offer conditioned on the veteran's waiving or releasing any of his rights guaranteed by the Act. Since the evidence conclusively shows that respondents failed to offer to restore the petitioner to his position as co-manager at the increased salary which respondent Tsang was then being paid, it follows that judgment must be entered in favor of the petitioner.

Petitioner having waived his claim for reinstatement and for all back pay, except for a twelve month period, it is

Ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the petitioner in the sum of $7,481.28, that being 12 months back pay at $750 a month less $1,518.72 earned by him from December 4, 1943, the date of his application for reinstatement, to December 4, 1944, and that respondents shall bear the costs.