### ALLYN v. ABAD.

#### Civil Action No. 9157.

United States District Court
D. New Jersey.
Nov. 30, 1948.

Alfred E. Modarelli, U. S. Atty., by Edward V. Ryan, Asst. U. S. Atty., both of Newark, N. J., for petitioner.

Atwood C. Wolf, of Jersey City, N. J., for respondent.

FAKE, Chief Judge.

The issues here arise on a construction of the opinion and the mandate, issued thereon, by the Third Circuit Court of Appeals, 167 F.2d 901, 904, reversing the judgment of a visiting Judge sitting in this District; the mandate directing this Court to enter a judgment in favor of the veteran petitioner who sought relief pursuant to Title 50 U.S.C.A.Appendix, § 308, the Selective Training and Service Act, § 8. Upon reversing this Court, the mandate provided that further proceedings should be had in conformity with the Circuit Court opinion.

It appears, by the opinion at the Circuit, that the veteran petitioner is entitled to recover against his employer pursuant to the terms of the Selective Training and Service Act. The pertinent part of the opinion reading as follows:

"From the foregoing, it becomes clear that petitioner is entitled to restoration. Whether compensation is likewise due him, under the principles enunciated in Van Doren v. Van Doren Laundry Service, supra [3 Cir., 1947, 162 F.2d 1007], is a question upon which the court below was not required to pass, because of its conclusion that under the circumstances it was

not incumbent upon respondent to restore petitioner.[5] Our ruling to the contrary makes it appropriate that the cause be remanded to the court below for determination of the compensation question which still remains.

And then in a footnote as follows:

"[5]The record does not disclose the earnings of petitioner at Hearns' Department Store and at the Frank Price Company; nor was evidence adduced whether petitioner received veterans' unemployment readjustment allowances authorized by the Act of June 22, 1944, c. 268, Title V, 38 U.S.C.A. § 696, during the one-year period beginning on April 29, 1946."

Since the coming down of the decision of the Circuit Court of Appeals, the parties hereto have entered into a stipulation in which it is admitted that the petitioner received from the Hearns' Department Store Co., $80.00; Tabak and Company, $69.60, and the Frank Price Co., $1,280.; totalling $1,429.60, during the period of his unemployment by the respondent. He further received, under the Unemployment Readjustment Allowance Act, Title 38 U.S.C.A. § 696, for a period of 19 weeks, the sum of $380.00. The only question before the Court is whether or not the employer is entitled to a credit for the sum of the $380.00 paid under the Unemployment Readjustment Allowance Act. It is my thought that the payment, under the Unemployment Readjustment Allowance Act, is in the nature of a gratuity, and, as such, the employer is in no position to receive any benefit therefrom by way of reduction in the amount to be awarded to the veteran.

The Unemployment Readjustment Allowance Act provides as follows:

"* * * (b) Such person shall be deemed eligible to receive an allowance for any week of unemployment if claim is made * * * and the Administrator finds * * *

"(2) the person is completely unemployed, having performed no service and received no wages * * *."

I find no provision, in the Unemployment Readjustment Allowance Act, which would permit a recovery of the amount paid by the government to the veteran. If there was such provision, this Court might make an order directing the delinquent employee to remunerate the governmental agency, for a loss sustained by the government, which should have been met by the employer.

I, therefore, conclude that in the absence of any provision for subrogation, and in the absence of any obligation for the veteran to repay the government, the payment must, as I have said before, be construed as a gratuity from a third party in no way affecting the employer's liability. Judgment, therefore, will be entered in favor of the petitioner for the number of weeks allowance under the Statute, less the amounts received by way of compensation from Hearns' Department Store Co., Tabak and Co., and the Frank Price Company.