**BOVA v. GENERAL MILLS, Inc.**

No. 10645.

United States Court of Appeals
Sixth Circuit.

Feb. 9, 1949.

William C. Graves, of Cleveland, Ohio (Don C. Miller, of Cleveland, Ohio, on the brief), for appellant.

James C. Davis, of Cleveland, Ohio (James H. Dempsey, Jr., of Cleveland, Ohio, on the brief; Squire, Sanders & Dempsey, of Cleveland, Ohio, of counsel), for appellee.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

Appellant brought an action under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308, which was dismissed by the District Court on the ground that appellant had not shown himself entitled to relief.

Appellant, then a salesman for appellee, on September 1, 1943, was assigned to sell and to take orders from retailers, to place them with jobbers and to sell and take orders from jobbers in an area comprising three Ohio and two Pennsylvania counties, with headquarters at Youngstown, Ohio. On March 10, 1944, appellant was inducted into the armed services of the United States, from which he received an honorable discharge on October 15, 1945. Within the statutory period appellant applied for reemployment with appellee, and demanded that he be given the precise position that he had held prior to induction, with headquarters in the city of Youngstown.

Appellee offered to employ appellant as a salesman with headquarters at either Youngstown, Ohio, or New Castle, Pennsylvania, but with duties which included selling and taking orders from retailers and placing such orders with jobbers, or to employ appellant as a salesman with headquarters at Akron, Ohio, within a territory comparable to that in which he served prior to his induction and with the identical rights, duties and privileges which he had enjoyed at that time. When inducted into the Army appellant had been receiving $200 per month salary. In either of these two positions offered him by the appellee in 1945 he was to receive $240 per month salary. The employee serving in the precise position filled by appellant prior to his induction in 1944 was receiving a salary of $225 per month.

Appellant refuses to accept either position. He objects to the position at Youngstown or New Castle because he considers that it would make him a merchandiser in a lesser capacity than he had in the work he was doing when he was inducted. He objects to the Akron position because it requires him to move from Youngstown to Akron, a situation which owing to the housing shortage puts him to inconvenience, and also because the territory would be split between him and another man. He does not attack the District Court's finding that the position offered at Akron is one of "like seniority, status, and pay," to that which he previously held, and this finding is amply sustained by the evidence. However, appellant contends that appellee is compelled under the statute to restore him to the identical position in Youngstown which

140

he enjoyed prior to induction. He urges that § 308(b) (B), 50 U.S.C.A.Appendix, which requires the employer to restore the veteran "to such position or to a position of like seniority, status, and pay" gives the option not to the employer, but to the employee to select the job to which he is to be restored. He claims that the employer has no alternative, if the original position exists, but to displace the person holding it at the time the veteran demands reemployment, and to give it to the veteran. He urges that the employer's alternative right to offer an equivalent position arises only when the original position has ceased to exist or is changed.

■ This contention ignores the plain terms of the statute. The clearly expressed intention of the Congress is two-fold: First, to protect the veteran by insuring him reemployment, and second, to give the employer leeway in adjusting to the dislocations caused by the departure of men in great numbers to fill the armed services. It therefore included in the statute an alternative provision, permitting the employer in accordance with the dictates of sound management, to give the veteran not the identical position, but one of "like seniority, status, and pay," that is, similar employment. As found by the District Court, the employer in good faith offered the equivalent of the old position, and this constituted compliance with the statute. In the words of the Supreme Court in Fishgold v. Sullivan Drydock & Repair Corporation, 328 U.S. 275, 284, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230, 167 A.L.R. 110, appellant "is protected" by the statute "against receiving a job inferior to that which he had before entering the armed services." The Akron position was not inferior to the original job.

In our opinion in Nevins v. Curtiss-Wright Corporation, 6 Cir., 172 F.2d 535, we have discussed the authorities relating to the restoration of a veteran to like seniority, status, and pay, and therefore will not repeat ourselves in this opinion.

The judgment of the District Court is affirmed.