## SCHWETZLER v. MIDWEST DAIRY PRODUCTS CORPORATION.

### No. 9616.

United States Court of Appeals
Seventh Circuit.

May 20, 1949.

William W. Hart, U. S. Attorney, Ernest R. McHale, Asst. U. S. Attorney, East St. Louis, Ill., for appellant.

W. Knowles Laird, Gray Herndon, and Stevens & Herndon, Springfield, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

A veteran appeals from a judgment dismissing his complaint in which he sought restoration of a position held by him prior to his induction into the armed forces of the United States, pursuant to the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 308. The dismissal was based on a finding that appellee, the employer, had offered appellant a position of like seniority, status, and pay, which he had rejected.

The question presented is whether appellant was entitled to the restoration of the same position which he held at the time of his induction into the armed forces.

The undisputed facts are that appellant entered appellee's employ in December 1939, selling and delivering soft drinks. He was then assigned to what was known as the Pinckneyville route, which passed through the town of Pinckneyville where he lived. There were at that time seven routes, the drivers of all of which were required to report to the plant at Duquoin every morning to pick up their trucks, and to check in there in the evening. Appellant was drafted into military service March 4, 1941, and thereafter, about July 1, 1941, the route was turned over to one McCormick, also subject to call to military service. Appellant, because of his age, was released from active duty in the armed services on November 6, 1941, and returned to work for appellee about a week later. He was then assigned to the southwest route because, he testified, they told him they did not want to break McCormick in for a new route since he might be called to military duty at any time. However, appellant was recalled to service on January 10, 1942, before McCormick was called, and remained in service until December 7, 1945. Meanwhile McCormick had been called into service and discharged before appellant's discharge, and had returned to appellee's employ and been reassigned to the Pinckneyville route. Appellant applied for his old job on January 22, 1946.

There is considerable controversy as to the facts from this point. Appellant's version is that he was offered the southwest route which he did not want to take because it involved more mileage and longer hours, although he admitted that his net earnings might have been greater on that route. According to his testimony, the

only other job offered him was one washing bottles at fifty cents an hour until they could open up a route for him.

Appellee's sales manager, one Heape, on the contrary, testified that the southwest route had been discontinued prior to appellant's return because of restrictions imposed by the Office of Defense Transportation; that he first offered appellant an advertising job, erecting outside and inside advertising, at $35 a week, and later, offered him the Christopher route, the earnings on which were larger than those on the Pinckneyville route.

Heape also testified that route salesmen had never had an absolute right to any particular route but could be moved around from one to another, although he admitted that the only case in which a transfer had been made was at the time of appellant's return the first time, so that he could take over the southwest route. Moreover, we note certain inconsistencies in the position of Heape who apparently felt that McCormick as a returning veteran was entitled to the restoration of the route he left, while appellant, whom he replaced, had to be shifted around until something could be arranged for him consistent with the rights of other returning veterans, and also that he testified on the one hand that he offered the Christopher route to appellant, and on the other hand, that it was being held for one Eavoldi, a returning veteran who had greater seniority than appellant. Thus it appears that Heape took account of the comparative seniority of the various veterans only to the disadvantage of appellant.

■ Appellant contends that there never had been such a practice as that described by Heape, of transferring route salesmen. We are inclined to agree with him that the evidence is certainly very meager and perhaps insufficient to establish any custom or usage as to transfers. However, we think this is immaterial in view of the terms of the statute under which the action was brought which requires restoration of the veteran who left a position in the employ of a private employer, "to such position or to a position of like seniority, status, and pay * * *." Bova v. General Mills, Inc., 6 Cir., 173 F.2d 138, 140. Thus, the Act does not require that the returning veteran be given the same position, but only that he be given that position or a comparable one, and the cases upon which appellant relies do not support a contrary contention.

In Levine v. Berman, 7 Cir., 161 F.2d 386, we held that the returning veteran was entitled to restoration of his original position because he had had an exclusive territory and that the position offered in its place did not offer comparable opportunities. To the same effect is Loeb v. Kivo, 2 Cir., 169 F.2d 346. See also Allyn v. Abad, 3 Cir., 167 F.2d 901. Cf. Salter v. Becker Roofing Co., D.C., 65 F.Supp. 633, where the court held that a branch manager was entitled to restoration to the same branch rather than a new one in a different city which would have involved his moving his home and opening up an entirely new territory; and Whitver v. Aalfs-Baker Mfg. Co., D.C., 67 F.Supp. 524, where the court held that a salesman was entitled to restoration of his original territory which he had himself built up when the territory offered in its place and rejected by him was greatly inferior in opportunities for earnings. On the record before us we think no such contention can be made as to the two territories here involved. Hence, while appellant was perhaps justifiably angered at what appeared to be the greater solicitude of appellee for the man who had been engaged to replace him than for himself, and at the delay in offering him the position which the court found comparable to the one he left, we think that fact did not justify his continued demand for restoration of his original position under the provisions of the Act.

■ We conclude that since (1) appellant admits that he was offered a sales route, (2) there is substantial evidence that the route offered did afford comparable opportunities as to seniority, status and pay, and (3) the Act does not require restoration of the same position, provided a position of like seniority, status and pay is proffered, there was no error in the conclusion of the court that appellant was not entitled to the relief sought, namely, restoration to his "former employment as

route salesman with the same route which he was working immediately prior to his induction."

The judgment of the District Court is affirmed