## MAJOR v. PHILLIPS–JONES CORP.

No. 26, Docket 22056.

United States Court of Appeals
Second Circuit.

Argued Oct. 8, 1951.

Decided Nov. 1, 1951.

Gordon, Brady, Caffery & Keller, New York City, for plaintiff-appellant, Leroy C. Curtis, New York City, of counsel.

Roth & Rothschild, New York City, for defendant-appellee, Mervin H. Riseman and Barrett G. Kreisberg, New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE and WOODBURY, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

For a period of nineteen months prior to his induction into the Armed Forces of the United States in 1942, the plaintiff was employed by the defendant, a manufacturer of shirts and other men's furnishings, as a traveling salesman in a territory comprising the State of Mississippi and certain counties in northern Louisiana and southern Arkansas. This was the exclusive territory of the plaintiff and it is not now disputed that the defendant was satisfied with his sales record and performance during the period of his employment.

The plaintiff having been honorably discharged from military service on April 26, 1947, by letter to the defendant of May 12, 1947 requested reemployment as salesman in the same territory in which he had served prior to his induction. By letter of May 20, 1947 the defendant stated that its policy was to reemploy ex-service men and to restore them to their positions so long as it was not impossible or unreasonable to do so. In this letter the defendant requested the plaintiff to come to Chicago to discuss the matter of reemployment and offered to pay his traveling expenses to and from that place. By letter of May 23, the plaintiff replied that he would come to Chicago but only with the understanding that he would be reassigned to his original territory. On May 27 the defendant wrote him that since 1942—when the plaintiff began his military service—it had employed another man to cover his former territory and said that it would hardly be feasible on short notice to make an extensive change of territory, adding that it was more than willing to make arrangements which would permit the plaintiff to maintain his home and family in Mississippi and secure an income even better than he had had before. The letter repeated the request that the plaintiff come to Chicago to make final arrangements. To this the plaintiff replied by telegram on May 28 that it would be useless for him to come to Chicago unless the defendant agreed to reassign him to his old territory, and that he was not interested in any other location. On June 2 the defendant telegraphed that it was ready to reemploy the plaintiff immediately and to give him a drawing account of $75 a week against commissions. It stated that he would be assigned a territory so as to permit him to operate from his home in Jackson, Mississippi, and that if it was at all feasible would return him to his old territory in the future. In that telegram the defendant also requested the plaintiff to come to New York at its expense to complete arrangements. On June 4 the plaintiff telegraphed the defendant that he would go to New York but only with the agreement that he would be immediately returned to his old territory. The correspondence concluded with a telegram on June 5 in which the defendant reaffirmed its offer made in its telegram of June 2.

On May 12, 1949, the plaintiff brought this action under the Selective Training and Service Act of 1940, as amended, 50 U.S. C.A.Appendix, § 301 et seq., to compel the defendant to restore him to his former position and to pay damages for his alleged losses. A trial was had before the court and an advisory jury which returned a verdict for the defendant on which judgment was entered. Subsequent thereto, the court below denied the plaintiff's motion for a new trial, but vacated the original judgment and made findings of fact and conclusions of law in favor of the defendant and granted judgment dismissing the complaint.

The plaintiff appeals from the judgment of the court below principally on the ground that Section 308 of the Selective Service Act of 1940 required his reinstatement to his old territory. In this contention we think he misconceives his rights and hold that the judgment of the court below was fully warranted by the record and should be affirmed.

Section 308(b) (B) so far as it relates to reemployment of a veteran discharged from military service, provides that his employer shall restore him to his former position "or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so". It is to be noted that the foregoing section in no way requires reinstatement of the veteran to his former position but only that he be given a position of equal seniority, status, and pay to that which he held before his military service. The plaintiff particularly relies on some of the language of the majority opinion of the court written by Judge Minton in Levine v. Berman, 7 Cir., 161 F.2d 386, certiorari denied 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374, in which Judge Kerner joined, where a veteran who had been a traveling salesman was restored to his original sales territory. But there the employer had offered him a new territory with a lower commission than he had originally received on certain of his sales. Judge Minton said that: "Since it was possible to restore the petitioner to his old territory, he was entitled to it under the law", 161 F.2d at 388, and directed a reversal of the district court which had denied restoration with instructions that it make new findings in accordance with his opinion.

In a later decision by the Court of Appeals for the Seventh Circuit in the case of Schwetzler v. Midwest Dairy Products Corporation, 7 Cir., 174 F.2d 612, 613, the scope of Judge Minton's opinion in Levine v. Berman, supra, was interpreted in an opinion by Judge Kerner in which Judge Minton and Judge Lindley concurred. There a salesman of soft drinks was denied restoration to his original position because he was given one of like seniority, status and pay. In discussing Levine v. Berman, supra, Judge

Kerner said: "In Levine v. Berman * * * we held that the returning veteran was entitled to restoration of his original position because * * * the position offered in its place did not offer comparable opportunities." Thus the veteran's right to restoration to his original position was held to be qualified by an alternative right of his employer to give him a position of like seniority, status and pay. In Bova v. General Mills, Inc., 6 Cir., 173 F.2d 138, the Court of Appeals for the Sixth Circuit interpreted the reemployment statute in the same way as the Seventh Circuit in Schwetzler v. Midwest Dairy Products Corporation, supra, and said: "[Congress] included in the statute an alternative provision, permitting the employer in accordance with the dictates of sound management, to give the veteran not the identical position, but one of 'like seniority, status, and pay,' that is, similar employment." 173 F.2d at 140.

Our decision in Loeb v. Kivo, 2 Cir., 169 F.2d 346, certiorari denied 335 U.S. 891, 69 S.Ct. 246, 93 L.Ed. 429, in no way conflicts with the results reached by the Seventh and Sixth Circuits. The crux of our decision was that the position offered was not of equal seniority, status, and pay, and because of this the veteran was reinstated.

It is contended by the plaintiff that the defendant's offer was too vague to satisfy Section 308(b) (B). But while it is true that the defendant never precisely set forth the territory which it was willing to assign to the plaintiff, it was given no opportunity to do this for the plaintiff repeatedly refused to consider any other territory than that which he had originally held and thus put himself outside of any alternative assignment which, for the reasons we have given, the defendant was entitled to make provided it would afford equal seniority status, and pay. Furthermore, on June 2, 1947, the defendant offered to put the plaintiff on the payroll at a larger drawing account than he had had before he entered military service and also to give him a territory convenient to his home. In short the defendant sought no more than an opportunity to talk over conditions with other salesmen whose rights might be effected by the defendant's assignments of territory. This

seems to us to have been a reasonable suggestion which should not have been met by flat refusals on the part of the plaintiff to discuss the situation at all.

■ As a third point, the plaintiff objects to the charge on the ground that the court did not define the meaning of "unreasonable." As we have said, the statute did not require restoration of the plaintiff to his former position but only to one of comparable seniority, status, and pay. The judge finally took away from the jury the question whether circumstances had so changed as to make it unreasonable to reemploy the plaintiff either in his old or in a comparable position in view of the defendant's final statement that it made no contention that circumstances had so changed that it would be unreasonable to assign the plaintiff to his former territory. Accordingly, the request to define what was "unreasonable" had no bearing on the issues and no charge in respect to it was necessary or even proper under the circumstances that developed at the trial. We find no error in the charge as finally given and in any event the verdict was nothing but an advisory verdict which the court was at liberty to follow or disregard. See (American) Lumberman's Mut. Casualty Co. of Ill. v. Timms & Howard, 2 Cir., 108 F.2d 497, where Judge Clark, speaking of the effect of an advisory verdict, said: " * * * such a verdict was only the discretionary right of the court to have its 'conscience enlightened,' * * * so that the review on appeal is from the court's judgment as though no jury had been present. * * * the verdict, whatever it may mean, cannot properly be a factor finally determinative of this appeal." 108 F.2d at 500. See also Hargrove v. American Cent. Ins. Co., 10 Cir., 125 F.2d 225; 5 Moore, Federal Practice, Par. 39.10[3] (2d ed. 1951).

■ The plaintiff next objects to the court's exclusion of letters from the defendant commending his former services as satisfactory. These letters were offered to meet the defendant's statement in its letter of May 27, 1947, that the plaintiff had been discharged prior to his induction into military service because of his political activities. But the defendant admitted at the

trial that the plaintiff had never been discharged. Consequently the letters had no bearing on the issues before the court or jury.

We can see nothing in the other objections to the findings which should affect the result reached by the court below which in our opinion was correct.

The judgment is accordingly affirmed.