Larry J. SCHALLER, Plaintiff,

v.

The BOARD OF EDUCATION OF ELMWOOD LOCAL SCHOOL DISTRICT, Defendant.

Civ. No. C 75–491.

United States District Court, N. D. Ohio, W. D.

April 10, 1978.

John Cheatwood, Bowling Green, Ohio, for defendant.

## OPINION AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon motion of plaintiff for summary judgment. Rule 56, Fed.R.Civ.P. Defendant has not responded to the motion, although a pre-trial memorandum essentially sets forth the position of the defendant. The parties have supplied the Court with stipulations of fact, and the affidavit of plaintiff, which together provide the basis necessary for the Court's findings contained herein. The Court finds that there are no genuine issues of fact yet in dispute in this case.

### I. THE FACTS

Defendant is the governing body of the Elmwood Local School District located in Bloomdale, Ohio. Plaintiff was first employed by the defendant in September of 1970 as a teacher of Speech and English. Stipulation of Fact ¶ 2. Plaintiff began work under a one year contract. *Id.* Subsequently, a second contract, again for one year, was entered into for the 1971–72 school year. Stipulation of Fact ¶ 3.

In early January of 1972, while the second one year contract was in effect, plaintiff voluntarily left the employ of defendant to enlist in the armed services of the United States. Stipulation of Fact ¶ 4. Plaintiff served honorably in the armed services from January 14, 1972 until his discharge on January 13, 1975. Stipulation of Fact ¶ 6.

On August 14, 1974, while plaintiff was still in the armed services, he wrote a letter to the defendant seeking reemployment upon separation from the service. Stipulation of Fact ¶ 7. Upon separation, plaintiff applied for reemployment with the defendant but was turned down. Stipulation of Fact ¶ 8. It was not until September of 1976 that plaintiff was able to secure a teaching contract from the defendant. Stipulation of Fact ¶ 11. That contract ran

Patrick J. Foley, Asst. U.S. Atty., Toledo, Ohio, and Gregory B. Taylor, U.S. Dept. of Labor, Office of the Sol., Cleveland, Ohio, for plaintiff.

from September of 1976 to June of 1977. *Id.* The contract was then supplemented by a two-year contract which took effect in September of 1977. *Id.* Thus, at the present time, plaintiff is in the employ of the defendant.

Plaintiff seeks to recover those amounts of money lost as a result of his not being reinstated by the defendant upon separation from the military and timely application for reemployment. In addition, plaintiff seeks to be awarded those seniority and other benefits to which he would have been entitled had the defendant promptly rehired him. The Court's jurisdiction is vested pursuant to § 404(a) of the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (38 U.S.C. § 2022).

At the time plaintiff left his teaching position to enter military service, there were four teachers serving in the English area. Stipulation of Fact ¶ 5. Respectively, the four taught English and Journalism, English, English and Speech, and English and Government. *Id.* At the time of plaintiff's return from military service in January, 1975, six teachers were employed in the English area. Stipulation of Fact ¶ 12. During the following year, September, 1975, to June, 1976, five teaching positions existed in the English area. Stipulation of Fact ¶ 13.

As noted, plaintiff occupied a position as teacher of English and Speech prior to leaving for military service. At the time of his return from the service, that position was occupied by another teacher, who was serving under a one year contract extending from September, 1974, to June, 1975. Stipulation of Fact ¶ 9. This teacher's contract was renewed for the period of September, 1975, to June, 1976, Stipulation of Fact ¶ 10, and subsequently, was extended for an additional two years extending from September, 1976, to June, 1978. *Id.* It is further stipulated that all English positions for which the plaintiff was qualified to teach were filled by other teachers during the 1974–75 school year, and there were no available positions during that school year in which to employ the plaintiff. Stipulation of Fact ¶ 15.

During the period between separation from the armed forces and full time reemployment with defendant, plaintiff's income consisted of wages earned while substitute teaching for at least three separate school districts. Affidavit of L. J. Schaller. The affidavit of plaintiff supplemented with copies of his tax forms constitute the evidence of the extent of monetary damages sustained by plaintiff.

## II. THE VETERANS' REEMPLOYMENT RIGHTS ACT

The Vietnam Era Veterans' Readjustment Assistance Act of 1974 (reemployment provisions), 38 U.S.C. § 2021 *et seq.,* provides that a person who leaves a position other than a temporary one is, under certain conditions which were fulfilled here, to be restored to the position or one of like seniority, status, or pay.

█ These statutes apply to states or their subdivisions just as they do to private employers. The only exception is that the employer's circumstances have so changed as to make it impossible or unreasonable to restore the veteran to his position.

█ In enacting this legislation, the desire of Congress was to minimize the disruption in individuals' lives resulting from the national need for military personnel. The legislation seeks to accomplish this goal by guaranteeing veterans that the jobs they had before they entered the military will be available to them upon their return to civilian life. *Alabama Power Company v. Davis,* 431 U.S. 581, 583, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1976). The statute should be liberally construed so as to benefit those who have served their country. *Fishgold v. Sullivan Drydock & Repair Corp.,* 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946). The scope of the act is not strictly limited to inductees. Clearly, members of the reserves, as well as volunteer enlistees, are covered by the Act. 38 U.S.C. §§ 2021, 2024; *Peel v. Florida Department of Transportation,* 443 F.Supp. 451, 453–54 (N.D.Fla.1977). *See, Litwicki v.*

*PPG Industries, Inc.,* 386 F.Supp. 296 (W.D. Pa.1973), *aff'd,* 505 F.2d 189 (3d Cir. 1974).

 Plaintiff here is a former employee of a state agency. However, the principles of comity and federalism which underlie the relationship between the states and the national government have less significance in the area of Congress' authority to raise and support armies. U.S.Const. art. I, § 8, cl. 12; *Peel v. Florida Department of Transportation, supra; Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); *Johnson v. Powell,* 414 F.2d 1060 (5th Cir. 1969). While, for instance, minimum wage and overtime pay provisions of the Fair Labor Standards Act could not be enforced against the states, *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), the responsibility of the national government to raise and support the military places the national government in a special position vis á vis the states. The war powers delegated to the national government give Congress broad powers which should not be limited or restricted unnecessarily. *Peel v. Florida Department of Transportation, supra; Simmons v. United States,* 406 F.2d 456 (5th Cir. 1969); *St. John's River Shipbuilding Co. v. Adams,* 164 F.2d 1012 (5th Cir. 1947). Thus, this Court finds that the defendant, which has not asserted to the contrary, is subject to the commands of the statute.

### III. CIRCUMSTANCES OF EMPLOYMENT

Under the statute, a returning veteran is entitled to reemployment if he is otherwise qualified, unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so. 38 U.S.C. § 2021(a). Here, the plaintiff was "otherwise qualified" to resume teaching upon his separation from the military. Thus, the sole remaining issue is whether the defendant's circumstances had changed so as to make reemployment impossible or unreasonable.

 The fact that another employee had been hired to fill the veteran's old job is immaterial. *Kay v. General Cable Corp.,* 144 F.2d 653 (3d Cir. 1944). The rights of the veteran cannot be set aside by an agreement between the employer and a third party. *Moe v. Eastern Airlines, Inc.,* 246 F.2d 215 (5th Cir. 1957), *cert. denied* 357 U.S. 936, 78 S.Ct. 1380, 2 L.Ed.2d 1550 (1958); *Trusteed Funds, Inc. v. Dacey,* 160 F.2d 413 (1st Cir. 1947); *United States ex rel. Stanley v. Wimbish,* 154 F.2d 773 (4th Cir. 1946); *Salter v. Becker Roofing Co.,* 65 F.Supp. 633 (M.D.Ala.1946). Case law exists which holds that returning veterans and others are entitled to relief under not dissimilar circumstances. *See e. g., Lee v. Macon County Bd. of Ed.,* 453 F.2d 1104 (5th Cir. 1971) (racial discrimination in employment after pupil desegregation order); *Jennings v. Illinois Office of Education,* 83 CCH Lab.Cas. ¶ 10,408 (S.D.Ill.1978). An award of damages is a proper remedy in circumstances such as these. 38 U.S.C. § 2022.

Plaintiff has submitted an affidavit detailing the extent of his damages. The affidavit has not been contested by the defendant. The affidavit will, therefore, constitute the evidence upon which an award of damages may be made. The Court finds that the plaintiff has suffered a net loss of $13,573.50. To this should be added interest at the rate of six percent (6%) per annum, running from the median date of the violations (November 15, 1975). The amount of judgment is based, *inter alia,* on the amount contributed by the employer to the plaintiff's retirement and medical insurance programs. Plaintiff's obligations, if any, with respect to contribution to these programs have not been calculated in the award and correspondingly, must be paid before the defendant is obligated to contribute. Plaintiff is also entitled to seniority and other benefits for the period of time in question here. However, it appears from the pretrial brief of defendant that these benefits have been accorded the plaintiff already.

THEREFORE, for the reasons stated, good cause appearing, it is

ORDERED that the motion of plaintiff for summary judgment be, and it hereby is, sustained; and it is

FURTHER ORDERED that the clerk enter judgment in favor of plaintiff in the amount of $13,573.50, plus interest at the rate of six percent (6%) per annum from November 15, 1975; and it is

FURTHER ORDERED that the amount of the judgment entered that represents defendant's contribution to plaintiff's retirement and medical programs, together with the interest due and payable thereon, shall not be due until plaintiff has satisfied his obligations, if any, to contribute to these programs; and it is

FURTHER ORDERED that the plaintiff be given such seniority and other rights to which he would have been otherwise entitled.

IT IS SO ORDERED.