Gerry DAILEY, Appellant,

v.

**FERGUSON/FLORISSANT SCHOOL DISTRICT, et al., Respondents.**

No. 52140.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 28, 1987.

William Earl Moench, Clayton, for appellant.

Thomas Michael Blumenthal, Clayton, Jerry B. Buxton, Jefferson City, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant appeals from trial court's orders sustaining defendants' motions to dismiss for failure to state a claim. On appeal appellant alleges that the trial court erred in sustaining the motions because his petition sufficiently stated a cause of action under RSMo §§ 40.490, 169.055.3 (1986). We affirm.

Plaintiff Gerry Dailey (appellant) had been employed by defendant Ferguson-Florissant School District since 1958. Appellant held the position of guidance counselor since 1969. On December 1, 1980, appellant volunteered for full-time duty in the Missouri Air National Guard. Appellant served until November 30, 1985. Appellant alleges that before entering full-time service, the assistant superintendent of personnel for the School District assured appellant that he would be reemployed in his guidance counselor position after returning from service.

Upon discharge from duty with the National Guard, appellant applied for his previous position as a guidance counselor. The School District offered appellant a position as a classroom teacher. Appellant objected and then exhausted his administrative remedies. Appellant also applied to the Missouri Public School Retirement System to update his pension rights by contribution whereby appellant would pay into the system the amount he would have paid had he remained with the School District.

Appellant filed his petition in St. Louis County Circuit Court seeking reinstatement as a guidance counselor by the School District and a pension contribution from the Retirement System. Both defendants filed motions to dismiss for failure to state

a claim. The circuit court sustained both motions. Appellant appeals.

In his first point, appellant alleges that the trial court erred in granting the School District's motion to dismiss for failure to state a claim upon which relief could be granted. Appellant claims that the School District violated RSMo § 40.490 (1986) in refusing to reinstate him to his former guidance counselor position. Section 40.-490 entitles National Guardsmen to the same reemployment rights provided by Title 38 U.S.C. upon being relieved from active state duty. In order to determine whether appellant stated a claim, we must turn to Title 38 and interpretive federal case law.

The reemployment rights afforded National Guardsmen under Title 38 are set forth in 38 U.S.C. § 2021(a)(B)(i) (1982).[1] Section 2021 requires the employer to restore the returning veteran "to the position that he had left *or* one of 'like seniority, status, and pay.'" *Monroe v. Standard Oil Co.*, 452 U.S. 549, 555, 101 S.Ct. 2510, 2514, 69 L.Ed.2d 226 (1981) (quoting 38 U.S.C. § 2021(a) 1982)) (emphasis added). Therefore, under Title 38 an employer is only required to reemploy the returning National Guardsman in a position of like seniority, status and pay. Under the statute, the veteran has no cause of action arising solely from the refusal of the employer to reemploy the veteran in the identical position which he had previously held. *Major v. Phillips-Jones Corp.*, 192 F.2d 186, 188 (2d Cir.1951), *cert. denied* 343 U.S. 927, 72 S.Ct. 760, 96 L.Ed. 1338 (1952).

In his petition appellant states that the School District did not offer him his former position as a guidance counselor after he returned from five years[2] of service in the National Guard. Appellant failed to allege, however, that the teaching position the School District offered was not of like seniority[3], status, and pay. Therefore, appellant did not set forth in his petition a sufficient basis to support an action for violation of his reemployment rights under RSMo § 40.490 (1986). Where the petition fails to plead essential facts for a recovery, a motion to dismiss for failure to state a claim will be sustained. *Reinhold v. Fee Fee Trunk Sewer, Inc.*, 664 S.W.2d 599, 603 (Mo.App., E.D.), *cert. denied* 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 63 (1984). The trial court correctly sustained the School District's motion to dismiss.[4]

In his second point appellant claims that the trial court erred in sustaining the Public School Retirement System of Missouri's motion to dismiss for failure to state a claim upon which relief could be granted. Appellant applied to the Retirement System to update his pension rights following

---

1. Section 2024(c) provides the National Guardsmen with the rights of those inducted by the Military Selective Service Act found in § 2021. *See* 38 U.S.C. §§ 2021(a)(B)(i), 2024(c), (f) (1982).

2. A number of federal courts have adopted a reasonableness standard in determining the employer's duty under Title 38. "Congress ... did not intend thereby to endow a reservist with unreasonable powers over his employer or cause his employer unreasonable hardship. The training period for which leave of absence is given must be reasonable both in the context of the reservist's military obligation and the requirements of the employer." *Lee v. City of Pensacola*, 634 F.2d 886, 888 (5th Cir.1981) (quoting the District Court for the Southern District of Florida). One court implied that a five year leave of absence by itself would be *per se* unreasonable, alleviating the employer from its duty to reemploy. *Gulf States Paper v. Ingram*, 633 F.Supp. 908, 912 (N.D.Ala.1986), *rev'd.*, 811 F.2d 1464 (11th Cir.1987). In its opinion the Eleventh Circuit reiterated the district court's statement. "We agree that although one year is not *per se* unreasonable, a greater length of time might reach that level." *Gulf States Paper*, 811 F.2d at 1469. Under this reasonableness standard, the School District may not be under a duty to reinstate appellant at any position.

3. In his petition appellant alleged that his seniority rights had been jeopardized, but he failed to plead any facts that would support a claim that a classroom teacher has less seniority than a guidance counselor.

4. Because we have determined appellant failed to state a claim under the statute, we need not address whether appellant was "ordered to active state duty by the governor" under RSMo § 40.490 (1986), nor need we address whether appellant's fifth year of service was at the request and convenience of the federal government under 38 U.S.C. § 2024 (1982).

his discharge from the National Guard which the Retirement System subsequently denied. Appellant did not name the Retirement System as a defendant in his original petition, but later amended the pleadings to include the Retirement System.

■ A veteran returning from service may purchase retirement credit by paying into the System, with interest, the amount he would have contributed had he been teaching during the period of his military service. RSMo § 169.055.3 (1986). In order to qualify under § 169.055.3, a returning veteran must have been a teacher at the time he entered into military service in a district included in the System, and he must be reemployed as a teacher within one year after discharge. On appeal, appellant seeks to recover under § 169.055.3, but failed to set forth in his petition the statute, the facts essential to establish appellant's right to contribution under the statute, or facts establishing the School District's conduct constituting noncompliance with the statute. Nor did appellant specifically name the Retirement System in the body of the petition or the prayer. The following references to the claim for pension rights appear in paragraph nine and the prayer of appellant's petition:

9. After this, plaintiff applied for and request [sic] to update his pension rights by contribution and was denied such on or about February 7, 1986, after exhaustion of administrative remedies available.

. . . .

WHEREFORE, plaintiff prays that this Court ... require defendant to restore all pension rights of plaintiff....

After construing the pleading broadly, we conclude that appellant's petition failed to invoke substantive principles of law. *Reinhold v. Fee Fee Trunk Sewer, Inc.,* 664 S.W.2d 599, 602 (Mo.App., E.D.), *cert. denied* 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 63 (1984). As stated above in point one, where the petition fails to plead essential facts for a recovery, a motion to dis-

miss for failure to state a claim will be sustained. *Id.* at 603. The trial court correctly sustained the Retirement System's motion to dismiss.[5]

Having found no error, the trial court's orders sustaining defendants' motions to dismiss are affirmed.

SIMON and STEPHAN, JJ., concur.

---

5. Because we agree with the trial court that the appellant failed to state a claim against the Retirement System, we need not address whether the provision of § 169.055.3 which would preclude appellant's claim for contribution is preempted by federal law. *Compare* 10 U.S.C. § 1336 (1982) *with* RSMo § 169.055.3 (1986). *See also Cantwell v. County of San Mateo,* 631 F.2d 631 (9th Cir.1980), *cert. denied* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981).