The Honorable Mike Todd State Representative 333 W. Court Street Paragould, Arkansas 72450
Dear Mr. Todd:
This is in response to your request for an opinion regarding the compensation of teachers who are on leave of absence for the purpose of participating in military training. You have asked the following specific question in this regard:
 Is a school district required to pay a teacher for time that he is on leave of absence for the purpose of participating in the military training programs made available by the National Guard or any of the reserve branches of the armed forces? If so, on what basis is their pay for that time to be calculated?
Initial consideration must be given in this instance to federal legislation governing the granting of military leave for individuals participating in military training offered by the National Guard and other reserve branches of the armed forces. The Veteran's Reemployment Rights Act, codified at38 U.S.C.A. 2021, et seq., requires the granting of military leave by public and private employers to individuals engages in reserve training, as well as active duty. See, Schaller v. Board of Education of Elmwood Local School District, 449 F. Supp. 30 (D.C. Ohio 1978); Peel v. Department of Transportation, 443 F. Supp. 451 (N.D.Fla. 1977); 38 U.S.C.A. 2024(d). While the federal legislation authorizes employers to grant leaves of absences [absence] to employees for the purpose of participating in military training, there are no specific statutory provisions which require the employing entity to compensate employees for such leaves; nor is there any case law authority to that effect.
Nor does a review of state law reflect any provision for payment of compensation in this instance. It should be noted that the Uniform Attendance and Leave Policy Act (A.C.A. 21-4-201, et seq.) does provide for military leave without loss of pay for employees of certain state agencies. See A.C.A. 21-4-212. However, that Act does not extend to local school district employees.
It must therefore be concluded that the answer to your initial question is no. This conclusion renders moot the second part of your inquiry.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.