## HASTINGS v. REYNOLDS METALS CO.

No. 46C1431.

District Court, N. D. Illinois, E. D.

March 3, 1947.

Leo J. Hassenauer and Everett L. Gordon, both of Chicago, Ill., for plaintiff.

Mayer, Meyer, Austrian & Platt, and Leo F. Tierney, all of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This cause having come on for trial and the court having heard and considered the evidence, both oral and written, and having heard arguments of counsel and being now fully advised in the premises, finds the facts and states the conclusions of law as follows:

### Findings of Fact.

1. That the petitioner, being a citizen and resident of the State of Illinois and within the jurisdiction of this court, filed his petition under the terms and provisions of the Selective Training and Service Act of 1940, 54 Stat. 890, as amended, 56 Stat. 724, 50 U.S.C.A.Appendix, § 301 et seq.

2. That petitioner was inducted into the military service of the United States on February 24, 1941, and on April 13, 1946, received a certificate of honorable service and release from active military service.

3. That on, and for some time prior to, the date of Petitioner's induction into military service petitioner was the president and a member of the Board of Directors of Aluminum Products Company which, among other things, owned and operated manufacturing plants located at LaGrange and Lamont, Illinois.

302

4. That pursuant to a written contract dated December 7, 1945, Reynolds Metals Company, the respondent herein, purchased from Aluminum Products Company certain of its physical assets as described with particularity in said written contract but including the manufacturing plants located at LaGrange and Lamont as aforesaid and the machinery therein; that said written contract contained no agreement on the part of the respondent to employ, or to continue the employment of petitioner or any other officer, director or employee of Aluminum Products Company.

5. That Aluminum Products Company, after the consummation of the transaction described in the aforesaid written contract of December 7, 1945, continued to own substantial assets including a building containing approximately 30 apartments, all the accounts receivable on hand at the time of the consummation of the sale and cash and securities in excess of $1,400,000.

6. That at all times during his period of service in the military forces petitioner continued to occupy the positions of president and director of Aluminum Products Company and still continues to occupy those positions.

7. That at the time petitioner was inducted into the military service he was not nor was he at any time prior thereto an employee or officer of the respondent; that petitioner first became an employee of respondent on or about February 4, 1946, pursuant to a written contract of employment between him and respondent dated January 24, 1946; that said employment contract was freely and voluntarily entered into by petitioner after his release from active military duty and he agreed therein, among other things, that his service could be terminated at any time by the respondent; that on or about March 25, 1946, respondent dismissed petitioner from its service pursuant to its right so to do under the terms of said contract.

Conclusions of Law.

1. The Court has jurisdiction of the subject matter herein and of the parties hereto.

2. That under the foregoing facts petitioner is not a person who, in order to perform military training or service left a position with the respondent or after the performance of such training or service could rightfully make application for reemployment with respondent and petitioner is therefore not entitled to require respondent to employ him pursuant to the provisions of the Selective Training and Service Act of 1940.

3. That subsequent to petitioner's release from active military service he freely and voluntarily entered into a contract of employment with respondent, by which contract petitioner agreed to become employed by respondent upon the terms and conditions therein stated, including the condition that the employment could be terminated at any time by respondent, and therefore had he had any rights under the Selective Training and Service Act of 1940 his action in entering into said contract of employment would have waived said rights.

4. That the aforesaid agreement of December 7, 1945, and the subsequent consummation of said transaction did not constitute such a transfer of ownership, merger, consolidation or reorganization of the business of Aluminum Products Company as would give petitioner herein any right of employment with respondent under the provisions of the Selective Training and Service Act of 1940.

5. That petitioner having been president and a member of the Board of Directors of Aluminum Products Company was not an "employee" of said Company within the meaning of the Selective Training and Service Act of 1940.

6. That petitioner having never resigned the office of president and director of Aluminum Products Company has never "left" a position in order to perform military service as contemplated by the Selective Training and Service Act of 1940.

7. That the petition should be denied and this action dismissed on the merits.