## HASTINGS v. REYNOLDS METALS CO.
### No. 9417.

Circuit Court of Appeals, Seventh Circuit.

Nov. 13, 1947.

---

Leo J. Hassenauer and Everett L. Gordon, both of Chicago, Ill., for appellant.

Leo F. Tierney and Durmont W. Mc-Graw, both of Chicago, Ill., and Fred R. Edney and Clay A. Copeland, both of Louisville, Ky. (Mayer, Meyer, Austrian & Platt, of Chicago, Ill., of counsel), for appellee.

Before EVANS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellant as petitioner in the district court sought to compel appellee to re-employ him as an assistant plant manager of one of its industrial properties. He relies upon the provisions of the Selective Training and Service Act of 1940.[1] The question involved on this appeal is whether the District Court erred in holding appellee was under no duty under the facts of this case to restore appellant to said position.

In connection with the determination of the facts questions of evidence and practice have arisen and will be first considered. A written contract of employment, dated January 24, 1946, was produced at the hearing by appellee and was identified as "Defendant's Exhibit 1." Appellant testified that his signature appeared thereon and asked permission to read paragraph 2

---

[1] Title 50 U.S.C.A.Appendix, § 308:

*    *    *    *    *    *    *

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for re-employment within forty days after he is relieved from such training and service—

"(A) if such position was in the employ of the United States Government, its Territories or possessions, or the District of Columbia, such person shall be restored to such position or to a position of like seniority, status, and pay;

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

"(C) if such position was in the employ of any State or political subdivision thereof, it is hereby declared to be the sense of the Congress that such person should be restored to such position or to a position of like seniority, status, and pay.

"(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) or subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration."

thereof. Counsel for appellee stated that he would like to file the document as defendant's exhibit, and asked leave to file a photostatic copy. The presiding judge stated that he could read the document, asked to see it, recessed momentarily to read it, and granted leave to file "a photostatic copy of this document." The original contract was not made a part of the record, nor was a photostatic copy filed until the appeal to this court.

The hearing was on March 26, 1947, before the court without a jury, and on the same day written findings of fact and law were made and final order entered. On April 21, 1947, notice of appeal was filed. The original transcript with said document omitted therefrom was filed in this court on July 8, 1947. On September 12, 1947, appellee' petitioned the District Court that the said document be received in evidence, for the substitution of a photostatic copy for the original, and for an order of transmittal to this court. The petition was allowed and the Clerk of the District Court was ordered to transmit said exhibit to this court for inclusion in the record on this appeal.

Motion is here made by appellant to strike the supplemental record which is limited to said exhibit, upon the ground that appellee was served with designation of record on June 19, 1947, and failed in apt time to suggest any additional record and that said exhibit never was properly offered and admitted in evidence at the trial or before the final order in the case. Appellant designated for the record the typewritten "transcript of proceedings had on March 26, 1947," and other items. The said typewritten transcript shows the identification, request for filing, reading by the court, and leave to file photostatic copy of the exhibit, and other proceedings thereon. No objection was made by appellant to its receipt or consideration. The document was in fact in evidence and was so considered by the parties and the court. The findings of the court were in part predicated upon the document, which is referred to therein. The transcript was incomplete without the photostatic copy of the exhibit. Appellant's designation, therefore, covered the document, and the record was incomplete without the supplemental transcript.

It is not indispensable that an exhibit be offered and admitted in evidence by any precise words. If it is clear, as it is in this case, that the exhibit is being offered for consideration as evidence and is received and considered as such, it is evidence and is a part of the trial proceedings. Appellee need not have later petitioned the District Court that the exhibit be received in evidence. It was already in evidence and leave had already been granted to file a photostatic copy. The petition for an order of transmittal of the photostatic copy of the exhibit as an omitted part of the transcript sufficed. Appellant's motion to strike the supplemental transcript is denied.

Upon the merits the facts disclosed by the complete record are not seriously controverted. Appellant was employed as assistant plant manager of Aluminum Products Company, and held the offices of director and president of the company, of which his father was the controlling shareholder, when petitioner was inducted into the military service on February 24, 1941. This company owned manufacturing plants at LaGrange and Lemont, Illinois, and had other substantial assets when, on December 7, 1945, appellee purchased these plants. While in the service, appellant signed the instruments of sale as president of Aluminum. It should be noted that while appellee purchased the two plants, Aluminum Company retained all other assets amounting to several hundred thousand dollars. Appellant was placed on terminal leave status in January, 1946, and was honorably discharged from service on April 13, 1946. He retained at all pertinent times his status as director and president of Aluminum Company. On January 24, 1946, he executed the contract heretofore referred to (and covered by the supplemental transcript herein), for employment by appellee at a salary of $500 per month, and shortly thereafter entered upon such employment. On February 14, 1946, he was assistant plant manager of appellee, in a similar capacity to his employment by Aluminum Products Company prior to his induction, but on

March 25, 1946, was dismissed by appellee under the terms of said contract of employment which in part provided that: "either party may terminate the remainder of this contract at any time and compensation shall be computed and paid at the above rate to the date of termination and no more."

■■ It is contended that the employer's obligation under the Act applies to the appellee as purchaser of the said industrial plants from the actual pre-induction employer and that appellant as assistant plant manager is entitled to the rights of a returned employee of appellee. The act itself does not by its language thus obligate a purchaser of an industrial plant, and by its own terms does not apply to a private employer, if "the employer's circumstances have so changed as to make it impossible or unreasonable to do so."

We doubt if Congress ever intended under the facts of this case that the rights granted the veteran should extend to and be enforceable against appellee, the purchaser of an industrial property by whom the veteran had never in fact been employed. Should we hold appellee as the purchaser of the plant to be the employer under these facts, within the meaning of the Act, which we do not, still we would be compelled to the view that the employer's circumstances in respect to the employment had so changed that it would have been unreasonable to compel the employment of appellant, the president of the selling company, by appellee, the purchaser.

The rights claimed by appellant could, in any event, only be enforced after appellant had been relieved from military training and service and this occurred on the date of his discharge on April 13, 1946. He had then the status of a former employee of appellee under the written contract of January 24, 1946, and was dismissed in accordance with the express terms of such contract. This was not the employment he left to enter military service and inasmuch as no question is raised about the voluntary character or validity of the contract of employment, either party had a legal right to terminate it at will with or without reason.

We concur in the conclusions and the result reached by the District Court, 75 F. Supp. 300 in respect to said contract. Appellant's employment by said written contract in January, 1946, waived his rights, if any, to compel re-employment under the Act. The contract and not the statute thereafter determined his rights in respect to appellee.

Judgment of the District Court is affirmed.