No. 12653.

United States Court of Appeals Fifth Circuit.

March 24, 1949.

**SCHREIER v. M. H. FISHMAN CO., Inc.**

No. 9409.

United States Court of Appeals Third Circuit.

Argued March 18, 1948.

Decided July 2, 1948.

---

Vincent E. Hull, Newark, N. J., for appellant.

Samuel I. Kessler, Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The appellant, Schreier, has appealed from a judgment in the court below denying him compensation for loss of wages and bonus in a suit brought pursuant to Section 8(e) of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 308(e). He does not seek reinstatement.

The facts follow. Schreier entered the employment of Fishman in 1932 and continued in that employ until his induction into the Army on September 23, 1942. At the time of his induction Schreier was manager of the Hampton, Virginia, branch of Fishman's business, a position which he had held since 1938. His salary was then $50 a week plus 10% bonus based on the net profits of the Hampton store. It appears that Schreier's 10% of the net profit of the Hampton store for three-quarters of the year 1942 was approximately $2,800, he having been inducted into the Army as heretofore stated in September

of that year. The record shows also that both the gross and the net of the Hampton store had substantially increased during Schreier's tenure as manager by reason of the influx of war-workers into the locality. On July 28, 1943, Schreier was transferred to the Enlisted Reserve Corps and at this time he received a certificate of service showing that he had served honorably in the Army of the United States from October 7, 1942, to July 28, 1943. He was required, however, to obtain employment in an essential industry. Schreier testified that about September 1, 1943 he applied to Fishman for reinstatement and that Fishman refused to reinstate him. Fishman's refusal to reëmploy Schreier was based in part on the fact that Schreier was still liable to recall by the Army.

From about October 11, 1943 until about April 16, 1945, Schreier was employed as a civilian at the exchange at Camp Kilmer, New Jersey. He testified that on or about October 1, 1944, he received a "directive"[1] from the "Government" to the effect that he was free to secure employment in a nonessential industry. About October 2, 1944, Schreier applied again for reinstatement to his position with Fishman. He was informed that he would be taken back but as there was no opening he would have to take a refresher course at the New Brunswick, New Jersey, store. He accepted this offer but on October 23, 1944, changed his mind and decided to remain with the Camp Kilmer exchange. On October 30, 1944, one Levine, in charge of Fishman's personnel, wrote a letter to Schreier, saying that Fishman would be glad to have Schreier return to its employment "in the future * * *".

Schreier received an Honorable Discharge on April 2, 1945. About two weeks later Schreier gave up his job at the Camp Kilmer exchange and in late April or early May in 1945 he again applied to Fishman for reëmployment. His application was accepted and he began work on June 13, 1945, as assistant manager of the New Brunswick, New Jersey, store at a salary of $50 per week. The record shows that in addition to the $50 per week he received $25 per month from Fishman to "help defray expenses", a Christmas bonus of three or four weeks pay, and, in February, 1946, a bonus of $300. There is evidence that Schreier was offered positions as manager of Fishman's Richmond, Virginia, store and of its Cohoes, New York, store. It does not appear from the record, however, what his salary or bonus might have been at Richmond though there is evidence that the Richmond store did a gross business of about $180,000 in 1946. It appears that Schreier would have received $70 a week as manager of the Cohoes store.[2] This

---

[1] This "directive" was merely referred to in the evidence but was not identified. We have been unable to identify it but in the view that we take of the case ascertainment of its terms is unnecessary.

[2] The record in the instant case is far from clear in many particulars. We think that it will be of advantage in understanding the circumstances if something in the nature of a time table is appended, as follows:

1932 Schreier entered employment of Fishman.

1938 Schreier employed as manager of Hampton, Virginia, store.

September 23, 1942, Schreier inducted into Army.

July 28, 1943, Schreier transferred to the Enlisted Reserve Corps.

About September 1, 1943, Schreier applied to Fishman for reinstatement. When this was refused him, he sought and obtained work at the Camp Kilmer exchange.

From about October 11, 1943, until about April 16, 1945 Schreier employed as a civilian at the exchange at Camp Kilmer, New Jersey.

On or about October 1, 1944, Schreier received a "directive" to the effect that he was free to secure employment in nonessential industry.

About October 2, 1944, Schreier applied for reinstatement to his position with Fishman and was informed that no position was immediately available and that he would have to take refresher course at New Brunswick, New Jersey, store.

About October 23, 1944, Schreier rejected this offer, deciding to remain at the Camp Kilmer exchange.

October 30, 1944, Fishman wrote a letter to Schreier stating that the company would be glad to have him come in "in the future * * *".

April 2, 1945, Schreier received a certificate of honorable discharge.

April or May, 1945, Schreier applied again for reëmployment.

store, however, was a new venture, about to be opened, and the record contains only an estimate, albeit one made by Levine, that the volume of business at Cohoes would amount to $125,000 to $150,000 a year. Schreier testified that the gross volume of business neither at the Richmond store nor at the Cohoes store would be comparable to the gross business at the Hampton store but it is not clear from the record whether his testimony respecting the Hampton store was based on its gross sales at the time of his induction or at the time Fishman offered him the managership of the Richmond store or the Cohoes store. It does appear, however, that the New Brunswick store as of April 2, 1945 was approximately the same size as the Hampton store and that the manager of the New Brunswick store received a salary of $100 a week plus 10% bonus. In October 1946 Schreier had conferences both with Mr. Fishman, the president of the Fishman Company, and with Levine and demanded that he be given managerial pay and bonuses the equivalent of that which he had had at the time of his induction into service. His discharge by Fishman followed on October 10, 1946. Schreier seems to claim salary and bonus for a year from June 13, 1945, the date that he accepted reëmployment by Fishman.[3]

The court below found that Fishman had offered Schreier reëmployment in positions substantially equivalent to that which he had occupied at the time of his induction and that since he had declined these offers he was not entitled to compensation. It found also that at no time during the course of his reëmployment as assistant manager of the New Brunswick store had Schreier protested to Fishman concerning his status or salary; that, in effect, he was estopped to maintain his suit.

As has been stated Schreier first was offered reemployment by Fishman in October, 1944. Fishman contends, inter alia, that Schreier lost his right to compensation under Section 8(e) of the Act since he completed his period of service in the Army on July 28, 1943 and did not apply for reinstatement until about May 1, 1945, more than 90 days later. In Parliman v. Delaware, L. & W. R. R., 3 Cir., 163 F.2d 726, 731, we ruled that a veteran's right to reinstatement matures at the time he receives his honorable discharge and not before. See also Van Doren v. Van Doren Laundry Service, 3 Cir., 162 F.2d 1007. Schreier's certificate of honorable discharge was dated April 2, 1945 and therefore Fishman's argument in this connection is without merit.

While the record supports the conclusion that Schreier's first protests concerning the status and pay of his position as assistant manager of the New Brunswick store were made to Fishman early in October of 1946 it is apparent, as Schreier contends, that he accepted the position as assistant manager at New Brunswick and the refresher course because he expected Fishman to reemploy him as soon as possible in a position the equivalent of that which he had enjoyed at the time of his induction. We think that it is clear that Schreier did not waive his rights under Section 8(e) of the Act and it is therefore unnecessary to determine whether rights conferred upon a veteran by the Act can be waived or whether the veteran can be estopped by his own conduct from enforcing the rights given him by the Act.

The major question presented by the appeal at bar is whether the employment offered by Fishman to Schreier as

---

June 13, 1945, Schreier accepted employment as assistant manager of New Brunswick, New Jersey, store.

February 23, 1946, Schreier accepted offer of managership of Richmond, Virginia, store.

February 25, 1946, Schreier changed mind and requested to remain on at New Brunswick, Fishman acceding to the reconsideration "without prejudice".

September, 1946, he was offered a job as manager of Cohoes, New York, store.

October, 1946 Schreier demanded that he be given a bonus and "difference of managerial pay" so that he might receive compensation the equivalent of that which he had received at the time of his induction into service.

October 10, 1946, Schreier discharged by Fishman.

[3] The complaint is not clear upon this point.

manager either of the Richmond store or of the Cohoes store, after his honorable discharge, was the equivalent in status to that which he had enjoyed as manager of the Hampton store at the time of his induction. This question cannot be answered on the present record. We are of the opinion that the test of equivalency of position under the circumstances of the instant case must be measured in terms of what Schreier would have earned had he returned to the Hampton store as manager upon his request for reemployment late in April or early in May, 1945.[4] Under the principle enunciated in Fishgold v. Sullivan Corp., 328 U.S. 275, 284, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110, the veteran steps back upon the escalator of employment as of the time of his request for reemployment. The amount of Schreier's compensation as manager of the Hampton store depended in a large part upon the size of the bonus awarded him under his agreement with Fishman whereby he was to receive 10% of the net profits. There is evidence to indicate that the profits of Hampton were enlarged by sales due to the influx of war workers in that place. Opportunity for such sales may have been lacking or substantially decreased for the year's period beginning late in April or early in May, 1945, when Schreier applied for reemployment. Under the principle of the Fishgold case if the escalator moves down instead of up we think the veteran must accept that detriment precisely as the employer must carry the burden of increased salary if the escalator turns upward.

Schreier testified that the Richmond store did a gross business of about $180,000 in 1946 but there is nothing in the record to show the amount of business done by the Hampton store in that year or even in the latter half thereof. There is some evidence that the Hampton store did a gross business of about $340,000 in 1942 but that date is too remote from the critical period of April or May 1945 when Schreier applied for reemployment after his honorable discharge to enable the court below to decide the question of whether Schreier has some amount due him from his employer.

Upon remand the court below must determine, as nearly as can be, the date on which Schreier applied for reemployment after his honorable discharge from the Army. Compare the circumstances of Van Doren v. Van Doren Laundry Service, supra. Next, the court below by an audit of Fishman's books, or by some similar technique, must determine the amount which Schreier would have received had he been employed as manager of the Hampton store for a period of a year from the time of his application for reemployment late in April or early in May, 1945. If the amount which he received as assistant manager of the New Brunswick store during the period of his first year's employment there[5] is found to amount to more than that which he would have received had he been employed as manager of the Hampton store during the same period, he is not entitled to recover in the suit at bar. On the other hand, if the amount which he would have received as manager of the Hampton store during the applicable period amounts to more than that which he received as assistant manager at New Brunswick during the first year of his employment there, he is entitled to recover the difference. If on remand the court below should find that employment as manager of the Richmond store or the Cohoes store, offered by Fishman to Schreier as hereinbefore set out, would have been comparable in salary and status to that which Schreier would have received as manager

---

4 We do not mean by this statement to imply that it was the duty of Fishman to reëmploy Schreier as manager of the Hampton store. The Statute requires that the veteran be returned to the position which he held at the time of his induction "or to a position of like seniority, status, and pay * * *". See Section 8(b) (3) (B). As we have stated, in the instant suit Schreier does not seek reinstatement, but compensation.

5 As stated at an earlier point in this opinion Schreier worked for more than a year as assistant manager of the New Brunswick store. His employment there commenced on June 13, 1945 and continued until his discharge on October 10, 1946.

of the Hampton store at the time of his application for reinstatement in April or May, 1945, then his right under Section 8(e) to additional compensation, if any, would terminate at the time of the offer. These matters must be resolved by the court below and additional evidence may be received, if any be offered, in respect to this or any other pertinent issue.

The judgment of the court below will be vacated and the case will be remanded with the direction to proceed in accordance with this opinion.