Irving RIX, Appellant,

v.

TURNBULL–NOVAK, Inc., Appellee.

No. 15730.

United States Court of Appeals
Eighth Circuit.

June 19, 1957.

Rehearing Denied July 18, 1957.

Hershel Shanks, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Edward L. Scheufler, U. S. Atty., Kansas City, Mo., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Whitson Rogers, Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

Irving Rix, an honorably discharged veteran, brought this action under Section 9 of the Universal Military Training Service Act, 62 Stat. 614, 50 U.S.C.A. Appendix, § 459. The Department of Justice appeared for plaintiff. 50 U.S. C.A.Appendix, § 459(d). It was alleged in the complaint that the plaintiff brought this action for damages caused him by his discharge from his position of employment without cause within one year after his restoration to that employment.[1] He alleged that the defendant, a Missouri Corporation, is now and has been engaged in the architectural business in Kansas City, Missouri, and is the successor in interest to the business of J. Gordon Turnbull, Inc. That corporation has long been engaged in the architectural business in Kansas City, Missouri and defendant purchased its business and assets there located and became its successor in interest sometime between June 1, 1953 and September 1, 1953. It was further alleged that plaintiff was first employed by J. Gordon

1. The act provides that the veteran may not be discharged within one year except for cause. 50 U.S.C.A.Appendix, § 459(c) (1).

Turnbull, Inc., on July 1, 1948. He entered military service on September 6, 1951, was honorably discharged and reinstated by J. Gordon Turnbull, Inc. on February 15, 1953 at a salary of $700.00 a month. On July 15, 1953, plaintiff was notified by Ed. G. Novak, vice president of J. Gordon Turnbull, Inc. and the president of the defendant, that he would be discharged as of August 1, 1953 and he was discharged on that date. That his discharge was without cause; and was within one year after he had been reinstated. He obtained employment elsewhere in August of 1953 at $528.00 a month and claimed damage resulting from defendants' violation of the Act in the sum of $3360.00 for which he prayed judgment.

Defendant answered by general denial and also denied that it purchased the business and assets of J. Gordon Turnbull, Inc. at any time and denied that it was the successor to J. Gordon Turnbull, Inc.

The parties filed a stipulation of certain facts and there were also requests for admissions and answers thereto and then defendant moved for summary judgment in its favor on the ground that defendant was not a "successor employer" of the plaintiff. After hearing on the motion the district court, without assigning reasons, declared that it was of the opinion that the defendant was not a "successor in interest" to J. Gordon Turnbull, Inc. the former employer of plaintiff, and on that ground sustained the motion for summary judgment for defendant. The plaintiff appeals.

In his brief on appeal, the Government, as statutory counsel, states that the facts as disclosed by the pleadings, stipulation and admissions which were before the court on the motion for summary judgment may be summarized as follows:

Plaintiff, Irving Rix, was employed by J. Gordon Turnbull, Inc. at its office in Kansas City, Missouri from July 1, 1948 until August 31, 1951, when he was called to active duty with the Armed Forces of the United States. Following completion of his military service with an honorable discharge, plaintiff returned to work for J. Gordon Turnbull, Inc. on February 15, 1953.

J. Gordon Turnbull, Inc. was an architectural and engineering firm with offices in various cities in the United States. Mr. Ed. G. Novak had been vice president of the corporation in charge of the Kansas City office, where plaintiff was employed, since 1951. Shortly after plaintiff's return to work, Mr. J. Gordon Turnbull died, [and his widow became president and "gave Mr. Novak the opportunity of carrying on with the Kansas City office." Added from record] and on July 8, 1953, Mr. Ed. G. Novak reached an agreement with J. Gordon Turnbull, Inc. whereby Novak purchased the fixtures at the Kansas City office, received an assignment of the lease covering the premises, and assumed the contracts of J. Gordon Turnbull, Inc. handled through the Kansas City office. J. Gordon Turnbull, Inc. no longer maintains an office in Kansas City. On July 31, 1953, the assets purchased from J. Gordon Turnbull, Inc. (the fixtures, lease and contracts) were transferred by Novak to Turnbull-Novak, Inc. in which Novak and two others own the entire stock. Thus the business encompassed by the Kansas City office of J. Gordon Turnbull, Inc. passed first to Novak, former manager and from him to Turnbull-Novak, Inc. The new corporation retained Turnbull's name, and traded on the reputation established by this name by advertising itself as "formerly Kansas City and Los Angeles Office of J. Gordon Turnbull, Inc."

On July 15, 1953, within one year of plaintiff's return from service, Novak notified plaintiff that his services would be dispensed with as of July 31, 1953. Plaintiff contacted the Bureau of Veterans' Reemployment Rights, United States Department of Labor, and this suit followed.

The defendant's statement of the case is prepared from a different angle but defendant does not claim and we do not find that any statement in the foregoing summary is unsupported. On the basis

of the facts summarized, appellant contends that defendant is a "successor in interest" to his employer, J. Gordon Turnbull, Inc. and that he is entitled to assert the veterans' reemployment rights provided by the Act, against it. The relevant provisions of the Act are appended[2] and it is presented in appellant's brief that the facts as summarized were clearly sufficient to preclude summary judgment for defendant.

It is argued by the Government: "this case is one of first impression calling for an interpretation of the words 'successor in interest' as found in 50 U.S.C.App. 459(b) (i). These words were added to the statute providing for veterans' reemployment rights by the Selective Service Act of 1948. (62 Stat. 604, 50 U.S.C. App. 451 et seq.). Under the Selective Service and Training Act of 1940 (54 Stat. 885, 50 U.S.C.App.(1946 ed.) 301 et seq.) the veteran had reemployment rights only against his former employer. By the 1948 amendment the veterans' rights were extended to his 'former employer or his successor in interest.' On its face the phrase 'successor in interest' would seem to include any form of transfer of the employer's business" and that

"so long as the former employer's business is still in operation and the defendant now holds the interest, the veteran has reemployment rights against the present owner regardless of how he or it succeeded to the former owner's interest in the business."

The pleadings in this case clearly present the issue as to whether or not the defendant is the "successor in interest" of plaintiff's employer within the intendment of the Act and the testimony that has been taken and the facts stipulated have not established that that is not a material fact in issue in the case. It is well settled that upon a motion for summary judgment it is no part of the court's function to decide issues of fact and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801; Union Transfer Co. v. Riss & Co., Inc., 8 Cir., 218 F.2d 553, 554; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Weisser v. Mursam Shoe Corp., 2 Cir., 127 F.2d 344, 145 A.L.R. 467; Ram-

2. Section 9 of the Selective Service Act of 1948, as amended, 62 Stat. 604, 50 U.S. C.A.Appendix, § 459, provides in pertinent part as follows:

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position (other than a temporary position) in the employ of any employer and who (1) receives such certificate [an honorable discharge], and (2) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year * * *.

"(i) if still qualified to perform the duties of such position, be restored to such position or to a position of like seniority, status, and pay; * * *."

Section (B) of the act provides:

"(B) if such position was in the employ of a private employer, such person shall—

"(i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to

such position or to a position of like seniority, status, and pay; * * * unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *.

"(c) (1) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] * * * and shall not be discharged from such position without cause within one year after such restoration. * * *

"(d) In case any private employer fails or refuses to comply with the provisions of subsection (b) or (c) (1) [of this section], the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action: * * *."

812

souer v. Midland Valley R. Co., D.C.Ark., 44 F.Supp. 523. The questions presented in this case appear to be of importance in the administration of the Act and they must be defined and decided upon a trial with findings of fact and conclusions of law in accord with Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A.

We make no decision upon any of the facts other than to declare that the court erred in granting the motion for summary judgment. That motion should be denied. Reversed and remanded for trial.