Irving RIX, Appellant,

v.

TURNBULL–NOVAK, INC., Appellee.

No. 16026.

United States Court of Appeals
Eighth Circuit.

Nov. 14, 1958.

Hershel Shanks, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Edward L. Scheufler, U. S. Atty., Kansas City, Mo., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Whitson Rogers, Kansas City, Mo., for appellee.

Before JOHNSEN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff, Irving Rix, an honorably discharged veteran, appeals from final judgment dismissing his claim for damages against the defendant for alleged violation of reemployment rights as provided by section 9 of the Selective Service Act of 1948, as amended, 62 Stat. 604, 614, 50 U.S.C.A.Appendix § 459, hereinafter called the Act.

The complaint alleged that the defendant, Turnbull-Novak, Inc., was the successor in interest of J. Gordon Turnbull, Inc., the veteran's pre-induction employ-

er. The trial court had in a previous order sustained defendant's motion for summary judgment upon the ground that a stipulation, answers to request for admissions and answers to interrogatories showed conclusively that defendant was not a successor in interest to plaintiff's original employer. We reversed and remanded upon the basis that a fact issue was presented which required disposition by trial. Rix v. Turnbull-Novak, Inc., 8 Cir., 245 F.2d 809. We stated (at page 812):

> "We make no decision upon any of the facts other than to declare that the court erred in granting the motion for summary judgment. * * "

The case upon remand was tried by the court upon the merits. The court found defendant was not a successor in interest to J. Gordon Turnbull, Inc.; and also found that plaintiff had not sought to be returned to the position he had when he was inducted, but had contracted for a higher position carrying more salary and responsibility; and that plaintiff was not protected in such position by the Act. Rix v. Turnbull-Novak, Inc., D.C.W.D. Mo., 159 F.Supp. 199. Plaintiff asserts that he is entitled to a reversal for the following reasons:

1. The District Court erred in holding that the defendant was not the "successor in interest" of J. Gordon Turnbull, Inc. within the meaning of that phrase as used in 50 U.S.C.A.Appendix § 459.

2. The District Court erred in holding that the veteran lost his reemployment rights under the Selective Service Act of 1948 by accepting from his pre-induction employer a different job from the one he had held prior to his induction.

The facts of this case are largely stipulated, and are fully set out in our prior opinion and in the District Court's opinion. We shall briefly summarize the facts pertinent to this appeal.

J. Gordon Turnbull, Inc., was an architectural and engineering firm, with offices in various parts of the United States and in some foreign countries. The corporation had an office at Kansas City. Novak was a vice president of the corporation and had charge of the Kansas City office. Plaintiff, prior to his induction, was employed by J. Gordon Turnbull, Inc., at Kansas City, as an inspector at a salary of $500 per month. The salary and duties of an inspector remained the same at the time of Rix's reemployment. Rix, at the termination of his military service, did not request restoration to his pre-induction position, but, instead, entered into negotiations which resulted in his entering into a contract for a higher position, as assistant manager, which carried a salary of $700 per month. There is a fact dispute as to whether Rix was to be paid a bonus in addition. Rix assumed the duties of his new position on February 15, 1953, which was within 90 days of the termination of his military service. J. Gordon Turnbull, who was the president, sole owner, and guiding influence of J. Gordon Turnbull, Inc., died on April 1, 1953. His death seriously disrupted the business of the corporation, and Mrs. Turnbull, who succeeded her deceased husband as president of the corporation, was undecided as to what she would do with the business. On May 27, 1953, Novak, for J. Gordon Turnbull, Inc., talked to plaintiff and told him that Mrs. Turnbull was uncertain as to the future of the business, that she wanted to reduce expenses, and that it would be necessary for plaintiff to take his former position as inspector at $500 per month or terminate his employment. Novak testified that Rix stated that he would not take a salary cut, and that Rix said he would have no trouble in finding a suitable position elsewhere. Further talks were had between plaintiff and Novak in which plaintiff was advised that something would soon have to be done to terminate his employment. It is stipulated:

> "On July 15, 1953, Ed. G. Novak, acting as Vice President of J. Gordon Turnbull, Inc., advised plaintiff he could have the last fifteen days

of July, on full pay to look for other work, but would not be paid after July 31, 1953."

Upon the basis of this evidence, the trial court made the following finding:

"There is no question about the plaintiff having been discharged by J. Gordon Turnbull, Inc., after considerable discussion as to whether he would remain in another position. On July 15, 1953, a letter was addressed to him by Novak for that company, terminating his services as of that date, but continuing his pay until July 31, 1953."

Plaintiff's full salary through July 31, 1953, was paid by J. Gordon Turnbull, Inc.

On July 8, 1953, Novak reached an agreement with J. Gordon Turnbull, Inc., to take over the Kansas City office lease, purchase the office fixtures, and take over certain uncompleted contracts. Turnbull-Novak, Inc., the defendant in the present action, was incorporated on July 31, 1953. Novak was a minority stockholder in the new corporation. None of the defendant's stockholders held any stock in J. Gordon Turnbull, Inc. After the incorporation of the defendant was completed, the assets which Novak had contracted to purchase were turned over to the new corporation. Plaintiff did no work for J. Gordon Turnbull, Inc., or the defendant after July 15, 1953. Plaintiff obtained other employment on August 17, 1953, at the rate of $528 per month, which employment continued beyond one year from the date of plaintiff's return from service.

The applicable parts of 50 U.S.C.A.Appendix § 459, upon which plaintiff relies, are quoted at pages 199 and 200 of 159 F.Supp. of the District Court's opinion. It is undisputed that plaintiff is a veteran eligible for reemployment benefits conferred by the Act. The Act requires that upon the veteran's application for reemployment made within 90 days after completion of military service he shall be restored by his employer or his employer's successor in

interest to his pre-service position or to a position of like seniority, status, and pay. The Act further provides that the veteran shall not be discharged from such position without cause within one year of such restoration. The provision placing reemployment obligations upon the successor in interest first appeared in the Selective Service Act of 1948. Under prior acts the veteran had reemployment rights only against his employer. The statute does not define "successor in interest," and there is no legislative history which offers any aid in ascertaining the intention of Congress. No cases have been cited or found which interpret the successor in interest provision of the Act. Inasmuch as this case must be affirmed for the reasons hereinafter set out whether or not the defendant is a successor in interest, we express no opinion upon the successor in interest issue. We shall assume for the purposes of this case, without so deciding, that the defendant is a successor in interest of the original employer.

Reemployment rights of veterans under the Act are quite fully discussed in Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230. The Court states in 328 U.S. at page 287, 66 S.Ct. at page 1112 "The 'position' to which the veteran is restored is the 'position' which he left plus cumulated seniority."

It is established here beyond question that the plaintiff negotiated for and obtained a higher position commanding a higher salary than he was entitled to under the Act. The trial court states, supra (159 F.Supp. at page 204):

"It is perfectly clear under the evidence, that plaintiff never sought to be returned to the position he had when he was inducted into the military service; he returned under a separate and distinct contract of employment to perform work of a distinctly different nature at a very substantial increase in pay."

This finding is fully supported by the evidence which we have heretofore set out.

J. Gordon Turnbull, Inc., upon demand, was required by the Act to reemploy the plaintiff as an inspector at the prevailing wage of $500 per month applicable to such position, but nothing in the Act required the corporation to give plaintiff the higher position for which he contracted. The undisputed evidence shows that veterans' reemployment rights were not discussed by anyone at the time the new employment contract was entered into. It was the trial court's opinion that plaintiff's employment under the new contract was terminable at will, and that since plaintiff had voluntarily accepted the new position rather than the position he was entitled to demand under the Act, the plaintiff was not protected by the Act against termination of his employment. Hastings v. Reynolds Metals Co., D.C. E.D.Ill., 75 F.Supp. 300, affirmed 7 Cir., 165 F.2d 484, tends to support the defendant's position that plaintiff, by entering into an employment contract for a new and better position, waives his right to compel reemployment under the Act. The Court of Appeals in its decision, after pointing out that the veteran did not return to his pre-induction position, states (at page 487):

"* * * This was not the employment he left to enter military service and inasmuch as no question is raised about the voluntary character or validity of the contract of employment, either party had a legal right to terminate it at will with or without reason.

"* * * Appellant's employment by said written contract in January, 1946, waived his rights, if any, to compel reemployment under the Act. The contract and not the statute thereafter determined his rights in respect to appellee."

■■ We are satisfied that the employer is under no obligation to maintain the veteran in the new and higher position for the full year following his reemployment. See McKinney v. Missouri-Kansas-Texas Railroad Co., 357 U.S. 265, 273, 78 S.Ct. 1222, 2 L.Ed.2d 1305. We have serious doubt under the facts of this case whether the plaintiff, as against his original employer, has waived or lost his right to reinstatement to his pre-service position for the balance of the year of reemployment required by the Act. Veterans' rights are liberally construed. Courts have stated under other circumstances that contractual provisions depriving a veteran of rights given him by the Act are invalid. See Fishgold v. Sullivan Drydock & Repair Corp., supra, 328 U.S. at page 285, 66 S.Ct. at page 1111; Diehl v. Lehigh Valley R. Co., 348 U.S. 960, 75 S.Ct. 521, 99 L.Ed. 749, reversing 3 Cir., 211 F.2d 95; Spearmon v. Thompson, 8 Cir., 167 F.2d 626, 630; Moe v. Eastern Air Lines, 5 Cir., 246 F.2d 215, 221.

■ In our present case the trial court found that J. Gordon Turnbull, Inc., had offered to restore plaintiff to his pre-service position, which offer the plaintiff had refused. There is substantial evidence to support such a finding. An employer who makes an unqualified offer to restore a serviceman to the position he is entitled to fully discharges his responsibilities under the Act as of the date of the offer. Special Service Co. v. Delaney, 5 Cir., 172 F.2d 16, 20; Schreier v. M. H. Fishman Co., 3 Cir., 176 F.2d 722, 726.

■ In any event, the suit here is against Turnbull-Novak, Inc., and not against J. Gordon Turnbull, Inc. The burden is upon the plaintiff to establish his cause of action against the defendant.

Plaintiff in his petition seeks damages from the defendant for the termination of his employment for the balance of the year following the date of his reemployment, that is, from August 1, 1953, to February 15, 1954. The basis of plaintiff's claim against defendant is stated in paragraph VIII of his complaint, as follows:

"Defendant in violation of the Act discharged plaintiff without cause within one year after he had been reinstated."

Defendant, in paragraph 5 of its answer, denies that it ever discharged the plaintiff at any time. We find no evidence to

support the charge that defendant discharged the plaintiff. It definitely appears that whatever Novak did was done by him as an officer of J. Gordon Turnbull, Inc. That he acted in such capacity is clearly shown by the stipulation heretofore set out. All salary paid plaintiff was paid by J. Gordon Turnbull, Inc. Plaintiff was never an employee of defendant. Novak's testimony to this effect is uncontradicted. Defendant was not incorporated until July 31, 1953. Plaintiff had been discharged at least by July 15, 1953. There is no evidence which would warrant a finding that defendant by contract assumed any liability that J. Gordon Turnbull, Inc., might have incurred to the plaintiff. Defendant acquired only a small fraction of the business of J. Gordon Turnbull, Inc., and it appears from the stipulation that J. Gordon Turnbull, Inc., is still continuing to conduct substantial business operations in places other than Kansas City.

We find nothing in the Act which makes a successor in interest liable for damages incurred by the wrongful act of its vendor prior to the transfer of the assets. The Act obligates the successor to restore eligible veterans to their previous positions and to maintain such employment for one year. Plaintiff did return to the employment of J. Gordon Turnbull, Inc., after the completion of his military service. The breach of duty relied upon is the termination of plaintiff's employment before the expiration of the year guaranteed by the Act. Under the undisputed evidence plaintiff's employment was terminated by J. Gordon Turnbull, Inc.

Plaintiff has never requested the defendant to restore him to his pre-service inspector position. Plaintiff has at no time been the employee of the defendant. Consequently, defendant has never been in a position to discharge the plaintiff. The plaintiff has wholly failed to establish that he was discharged by the defendant.

Affirmed.