Timothy O'MARA, Appellant,
Cross-Appellee,

v.

PETERSEN SAND & GRAVEL COM-
PANY, INC., Appellee,
Cross-Appellant.

No. 73–1620, 73–1621.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 22, 1974.

Decided May 7, 1974.

Elmer Gertz and Wayne B. Giampie-
tro, Chicago, Ill., Gerson I. Gluck, Wau-
kegan, Ill., for O'Mara.

Robert E. Kopp and Robert Greenspan, U. S. Dept. of Justice, William J. Kilberg, Solicitor of Labor, Harold C. Nystrom, Associate Solicitor, Bobbye D. Spears, William H. Berger, Attys., Dept. of Labor, Washington, D. C., for amicus curiae.

Kenneth J. Glick, Libertyville, Ill., Ronald S. Barliant, Chicago, Ill., for Petersen Sand & Gravel.

Before KILEY, Senior Circuit Judge, SPRECHER, Circuit Judge, and JAMESON, Senior District Judge.*

KILEY, Senior Circuit Judge.

The district court, by virtue of its power under the Military Service Act [1] (Act), entered judgment (a) ordering issuance of a mandatory injunction to compel defendant Petersen to reinstate plaintiff O'Mara to the position held by him prior to his induction into service; and (b) denying O'Mara's motion for damages. O'Mara has appealed from the judgment denying his motion, and Petersen has cross-appealed from the judgment ordering the injunction. We reverse the judgment in so far as it denies the motion for damages, and affirm the judgment in so far as it mandates reinstating O'Mara.

On September 1, 1968, Petersen employed O'Mara as a scalemaster. A year later O'Mara entered military service. Prior to his honorable discharge therefrom in February, 1972, he twice wrote Petersen requesting reemployment. In March, 1972, while his father-in-law was holding the scalemaster position, O'Mara personally applied, and Petersen told him that he "didn't even want to talk to [O'Mara]."

At the intercession of the Department of Labor, Petersen rehired O'Mara in June, 1972, as a common laborer. A month and a half later, after the Department of Labor again interceded, Petersen agreed in writing to reinstate O'Mara as scalemaster on September 1, 1972, when O'Mara's father-in-law was to leave the position. Petersen subsequently reneged on his promise and gave the position to his son. He told O'Mara that he would never regain his position as scalemaster.

O'Mara quit the laborer's job on January 25, 1973, found other employment in February, and subsequently filed the suit before us. The district court held a hearing and found that Petersen had wrongfully deprived O'Mara of reemployment as scalemaster in violation of the Act. The court ordered his reinstatement as scalemaster for a period of ten months, but denied his motion for monetary damages. The appeal and cross-appeal followed.

**A.**

■ The district court correctly rejected Petersen's contention that O'Mara had waived his right to reinstatement.

Section 459(b) is unambiguous. By its terms, when O'Mara "ma[de] application for reemployment," Petersen was required to "restor[e] [him] . . . to such [pre-service] position . . . ." There is no requirement that he specify the scalemaster position in his application.

Nor did O'Mara waive his right by accepting the laborer's job. "A waiver by a veteran of his statutory rights must . . . be clearly and unequivocally indicated." Loeb v. Kivo, 169 F.2d 346, 349 (2nd Cir. 1948). The record here contains neither a clear nor unequivocal indication of waiver. The decisions in Hastings v. Reynolds, 165 F.2d 484 (7th Cir. 1947), and Walsh v. Chicago Bridge & Iron Co., 90 F.Supp. 322 (N.D.Ill. 1949), relied on by Petersen, are inapposite. In *Hastings* the veteran voluntarily entered into an employment contract with his employer's successor which was subsequently terminated. In *Walsh* the veteran accepted a different position than the one he left, and remained in it for three years without complaint. Furthermore, O'Mara did not improperly fail to mitigate damages by quitting in January, as Petersen argues. He was

* Senior District Judge William J. Jameson of the District of Montana is sitting by designation.

[1]. 50 U.S.C. App. § 459.

not required to continue as a laborer, a position inferior to the position as scalemaster. Fessler v. Reading, 138 F.Supp. 202 (E.D.Pa.1955) ; Loeb v. Kivo, *supra*.

There is no claim that O'Mara was not "still qualified." Even if he received "like pay" as laborer, that is not conclusive. He was entitled also, under § 459(b)(B)(i), to like "status." And the fact that his father-in-law was acting scalemaster during O'Mara's service as laborer cannot support a waiver claim, in the light of O'Mara's repeated requests for the position, and Petersen's rejection of those requests and breach of his written agreement.

■ We find no merit in Petersen's contention that the district court's injunction compelling O'Mara's reinstatement for ten months is excessive. Section 459(c)(1) specifically provides that the veteran "shall not be discharged from such [pre-service] position without cause within one year after such restoration." The one year period runs from May 15, 1973, the date of the order,[2] not from February 29, 1972, the date of O'Mara's military discharge, or March 8, 1972, the date O'Mara personally applied for reinstatement.[3] To hold otherwise would penalize O'Mara for Petersen's unlawful conduct.[4] The facts herein are not akin to the "extraordinary" circumstances in Travis v. Schwartz Manufacturing Co., 216 F.2d 448 (1954), that led this court therein to deny a one year reinstatement to a veteran.

### B.

■ We agree with O'Mara's contention that the district court abused its discretion in denying, without a hearing, his motion for damages resulting from lost wages. We reverse the denial of that motion and remand this part of the judgment to the district court for a hearing on O'Mara's claim.

■ The Act, in § 459(d), provides that "the district court . . . shall have power . . . to require [the] employer . . . to compensate [the veteran] for any loss of wages or benefits suffered by reason of such employer's unlawful action." Although an award of damages is within the discretion of the court,[5] the Act is to be construed liberally so as to benefit the veteran. Power v. Northern Illinois Gas Co., 388 F.2d 427, 429 (7th Cir. 1968). As the Supreme Court has stated, "[h]e is not to be disadvantaged by serving his country." McKinney v. Missouri-Kansas Texas Railroad Co., 357 U.S. 265, 270, 78 S.Ct. 1222, 1226, 2 L.Ed.2d 1305 (1958). In accord Accardi v. Pennsylvania Railroad Co., 383 U.S. 225, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966).

In Teamsters Local 612 v. Helton, 413 F.2d 1380 (1969), the Fifth Circuit held that the district court abused its discretion in failing to award damages to a veteran who had been denied reinstatement, notwithstanding the fact that all parties had acted in good faith.[6] We agree with the *Helton* decision and hold that the district court abused its discretion in denying outright O'Mara's claim for damages.

■ O'Mara is not precluded from compensatory damages because his laborer's salary was the same as a scalemaster's. O'Mara claims damages for Petersen's refusal to rehire him from March 8 to June 27, 1972 ($4,111.00), lost overtime from September 1, 1972 to January 25, 1973 ($475.75), and loss due to change of employment ($3,222.50)—a

---

2. The district court's order has been stayed pending the outcome of this appeal.

3. Although the district court therefore erred in ordering O'Mara's reinstatement for ten months rather than twelve months, O'Mara has not challenged the length of reinstatement, and so we will not order reinstatement for twelve months.

4. See Teamsters Local 612 v. Helton, 413 F. 2d 1380, 1385 (5th Cir. 1969).

5. Levine v. Berman, 178 F.2d 440 (7th Cir. 1949) ; Doane Co. v. Martin, 164 F.2d 537 (1st Cir. 1947).

6. *See also* Van Doren v. Van Doren Laundry Service, Inc., 162 F.2d 1007 (3rd Cir. 1947).

total of $7,809.25. The district court is directed on remand to conduct a hearing on O'Mara's claimed damages, giving Petersen an opportunity to contest them.

Affirmed in part and reversed in part and remanded.