Donald E. WIMBERLY, Appellee,

v.

MISSION BROADCASTING COMPANY et al., Appellants.

Nos. 75–1213, 75–1214.

United States Court of Appeals, Tenth Circuit.

Oct. 20, 1975.

Earl S. Wylder, Frickey, Cairns & Wylder, Denver, Colo., for appellants.

Sander N. Karp, Law Offices of Rudolph Schware, P. C., Denver, Colo., for appellee.

Before LEWIS, Chief Judge, and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Donald E. Wimberly, a veteran, brought this action for reemployment and to recover lost wages for the alleged wrongful refusal of the defendants to reemploy him after discharge from the service as required by the Military Selective Service Act of 1967, 50 U.S.C.A. App. § 459(b)(B).

The facts of the case are uncontroverted. In January 1971, Wimberly was working on a full-time basis as a control operator for KBTR, a Denver radio station owned by Mullins Broadcasting Company. He left his job at the station approximately ten months later when he was drafted into the service. While Wimberly was in the service, Combined Communications Corporation entered into an agreement with the executors of the estate of John C. Mullins to purchase all of the stock of Mullins Broadcasting Company. Since applicable FCC regulations required that a separate buyer be produced to acquire control of KBTR, the executors of the Mullins estate subsequently entered into an agreement with Mission Denver Company, a wholly owned subsidiary of Mission Broadcasting Company, for the sale to it of the assets of the radio station. In the interim between the date of this agreement and actual transfer, the assets of the radio station became a part of a new corporation called KBTR, Inc., which the FCC had authorized the executors of the Mullins estate to set up, operate, and control. In the latter part of August 1973, final transfer was approved by the FCC, and Mission Denver Company took possession of the assets, exclusive of accounts receivable. Mission changed the format of the station from all news to country western and news. It also obtained authority to change and did change the call letters to KERE, and commenced business at a new location in Denver. There was no common ownership between the buyer and seller, and thus the assets passed to entirely different owners. Also none of the KBTR employees were retained except a bookkeeper.

Plaintiff was honorably discharged approximately two months after the final transfer of the station's assets, and he immediately applied for work with Mission Denver Company, Mission Broadcasting Company, and Combined Communications Corporation. He was not hired and brought this action pursuant to 50 U.S.C.A. App. § 459(b)(B). The statute provides generally that a person who has left a position of employment in order to perform military service shall be restored, upon discharge and proper application, to his previous position or its equivalent by his employer or his employer's "successor in interest" unless circumstances have so changed as to make reemployment unreasonable.

The trial court held that Mission Denver Company and Mission Broadcasting Company were the "successors in interest" to Mullins Broadcasting Company, and that circumstances had not changed so as to make it unreasonable for them to reemploy Wimberly.

The defendants contend on appeal that they are not the "successors in interest" to Mullins Broadcasting Company and, in the alternative, that circumstances at the station had changed so as to make reemployment of Wimberly unreasonable. Wimberly has cross-appealed the trial court's order denying his request for attorney's fees.

The dispositive issue on appeal is whether the Mission companies are the "successors in interest" to Mullins Broadcasting Company and are thereby required by statute to reemploy Wimberly. We hold under the facts presented that the Mission companies are not the "successors in interest" to Mullins Broadcasting Company as that phrase is used in 50 U.S.C.A. App. § 459(b)(B).

█ It is evident from the record that none of the owners of Mission Denver Company or Mission Broadcasting Company had any connection with or financial interest in Mullins Broadcasting Company or the estate of John C. Mullins. It was not the intention of Congress in passing the applicable provision to impose an obligation upon the independent buyer of the assets of a business, such as the Mission companies, who began a somewhat different business at a new location, to rehire former employees of the seller. In *Cox v. Feeders Supply Co.*, 344 F.2d 924 (6th Cir.), a veteran brought an action for reemployment against the company which had purchased the business of his former employer while he was in the service. The Sixth Circuit affirmed the denial of plaintiff's claim, holding that " '. . . where the plaintiff was not an employee of the defendant prior to his entry into the armed forces he cannot now obtain what he had never possessed.' " The court there relied entirely on the change of ownership. *See also Hastings v. Reynolds Metals Co.*, 165 F.2d 484 (7th Cir.). Appellee relies on *Rix v. Turnbull-Novak, Inc.*, 245 F.2d 809 (8th Cir.), but the issue was not squarely presented.

█ Wimberly argues that if the Mission companies cannot be deemed the "successors in interest" to Mullins Broadcasting Company, then the language of the provision is meaningless. We do not agree. The facts show that KBTR, Inc., the company operated by the executors of the Mullins estate in the interim between the date of the sales agreement with Mission Denver Company and the time of actual transfer, could be considered as an example of a "successor in interest" to Mullins Broadcasting Company, as the primary inquiry to be made in determining if one is a "successor in interest," for purposes of the Act, is whether there is a substantially similar identity of ownership and control after transfer of the business. *Compare Cox v. Feeders Supply Co., supra, with Kan v. Tsang,* 74 F.Supp. 508 (N.D.Cal.), *rev'd* on other grounds, 173 F.2d 204 (9th Cir.). Here there is no continuity of ownership or control and a complete break in the general continuity of the business as to its location, specific nature, or format, its public identity, and its employees.

█ Attorney fees must be denied. None are provided by statute. This is an individual private action wherein now the plaintiff was unsuccessful.

Reversed.