Margaret A. RYAN, Plaintiff–Appellant,

v.

RUSH–PRESBYTERIAN–ST. LUKE'S MEDICAL CENTER, an Illinois Corporation, and Rush–Presbyterian–St. Luke's Health Plans, Incorporated, an Illinois Corporation, Defendants–Appellees.

No. 93–1515.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 10, 1993.

Decided Feb. 2, 1994.

Donald A. Kurasch, Jessica B. Tucker (argued), Chicago, IL, for plaintiff-appellant.

Paul E. Starkman, John L. Ropiequet (argued), Bruce A. Bode, Arnstein & Lehr, Chicago, IL, William D. Frazier, Rush Health Plans, Chicago, IL, for defendants-appellees.

Before GIBSON,* COFFEY, and RIPPLE, Circuit Judges.

* The Honorable Floyd R. Gibson, Circuit Judge for the United States Court of Appeals·for the Eighth Circuit, is sitting by designation.

FLOYD R. GIBSON, Circuit Judge.

Margaret Ryan appeals from the district court's order granting summary judgment in Ryan's lawsuit against her former employers, Rush–Presbyterian–St. Luke's Medical Center and Rush–Presbyterian–St. Luke's Health Plans ("Rush"), for violation of the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021–2024 (1988). We reverse and remand for trial.

## I. BACKGROUND

In 1985, Ryan, a Navy reservist, began working as a coordinating nurse in charge of nursing operations at Rush's medical office in Merrillville, Indiana. Ryan was promoted to the position of nurse manager two years later. As a nurse manager, Ryan was responsible for both the nursing and clerical staffs. Dr. Gail Floyd became clinical director and Ryan's supervisor in the spring of 1990. In the fall of 1990, the Persian Gulf conflict intensified. On several occasions, Dr. Floyd suggested false excuses Ryan could use to avoid her military obligations. A few months later, Ryan was called to active duty and served in Operation Desert Storm.

Rush hired an interim nurse manager to fill Ryan's position while she was on military leave. During this time, Ryan's supervisors allegedly discovered problems in the management and clerical work at the Merrillville office. When Ryan returned from her leave, Dr. Floyd met with her to discuss these deficiencies. Ryan testified that Dr. Floyd never explained to her when these problems occurred or how she was responsible for them.

The parties sharply disagree on the outcome of the meeting between Ryan and Dr. Floyd. Ryan claims Dr. Floyd told her that she could not return to the position of nurse manager, but instead she would be reinstated as an assistant nurse manager. Ryan believed she was being forced into an "ill-defined" job because the assistant nurse manager position had never existed at the Merrillville office and was not budgeted. Dr. Floyd claims she told Ryan that the interim nurse manager would remain temporarily to handle the clerical problems, but Ryan would retain her former title of nurse manager, receive her previous benefits, and resume her supervisory duties in about six weeks. Although the parties dispute which position Dr. Floyd offered Ryan—the assistant nurse manager position or the nurse manager position—the parties agree that rather than accepting the offer, Ryan requested to be placed in a staff nurse opening. Ryan worked as a staff nurse at Rush for four months and then resigned to accept employment elsewhere.

## II. DISCUSSION

■ The Veterans' Reemployment Rights Act[1] ("VRRA") prohibits employers from making adverse employment decisions based on an employee's military status. Employers must restore employees returning from military service to their former positions or to positions of like seniority, status, and pay. 38 U.S.C. § 2021(a)(B)(i) (1988).[2] Demoting a returning veteran changes the employee's status and violates the VRRA. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 286, 66 S.Ct. 1105, 1111–12, 90 L.Ed. 1230 (1946).

■ In granting the defendants' motion for summary judgment, the district court determined that Rush had offered to restore Ryan to the position of nurse manager with a temporary reduction in her duties and responsibilities. Ryan's title, salary, and benefits were to remain the same as before her tour of duty. However, these findings ignore the factual dispute concerning the outcome of Ryan's meeting with Dr. Floyd. Ryan alleg-

---

1. The statute establishing veterans' reemployment rights has been renamed several times since it was established in 1940. However, the provisions have remained substantially unchanged. *See Hanna v. American Motors Corp.*, 557 F.2d 118, 119 n. 1 (7th Cir.1977) (subsequent history omitted).

2. "[A]ny person who is inducted into the Armed Forces ... and who leaves a position ... in the employ of any employer in order to perform [military] training and service ... shall ... if still qualified to perform the duties of such position, be restored by such employer ... to such position or to a position of like seniority, status, and pay...." 38 U.S.C. § 2021 (1988).

es that Dr. Floyd offered her the position of assistant nurse manager, not her former position. Viewing this evidence in favor of the non-moving party (as we must in reviewing a motion for summary judgment, *Griffin v. Thomas,* 929 F.2d 1210, 1212 (7th Cir.1991)), summary judgment is inappropriate because the assistant nurse manager position is not of like status to that of nurse manager. The district court erred in resolving this factual dispute in favor of Rush.

Rush argues that Ryan has waived her rights under the VRRA because: 1) she rejected the comparable position of nurse manager with temporarily reduced duties; 2) she negotiated for a staff nurse position; and 3) she resigned from her job at Rush to accept employment elsewhere. Rush also urges that Ryan has incurred no damages because she would have received the same salary and benefits had she accepted the proffered position of nurse manager. Lastly, Rush claims the proposed reduction in Ryan's management responsibilities was motivated by good faith business reasons stemming from her poor job performance rather than her military service.

 We reject these contentions. The premise underlying Rush's arguments—that Dr. Floyd offered Ryan the position of nurse manager—cannot be assumed at this stage of the litigation. Ryan maintains that Rush denied her reemployment in the nurse manager position, and she rejected Rush's offer of the assistant nurse manager position. An employee does not waive her rights under the VRRA by refusing to accept an inferior position. *Hanna v. American Motors Corp.,* 724 F.2d 1300, 1309 (7th Cir.), *cert. denied,* 467 U.S. 1241, 104 S.Ct. 3512, 82 L.Ed.2d 821 (1984). Likewise, Ryan's rights are not defeated by her employment in nursing positions that are not comparable to her former position. "A waiver by a veteran of [her] statutory rights must ... be clearly and unequivocally indicated." *O'Mara v. Petersen Sand & Gravel Co.,* 498 F.2d 896, 897 (7th Cir.1974) (quotation omitted). The VRRA empowers the courts to compensate an employee for lost wages and benefits suffered as a result of an employer's unlawful actions. 38 U.S.C. § 2022 (1988); *see Han-*

*na,* 724 F.2d at 1306. Whether Rush failed to offer Ryan her former position and, if so, whether this failure was motivated by Ryan's military status are questions for the trier of fact to resolve.

## III. CONCLUSION

We reverse the district court's order granting summary judgment in favor of the defendants and remand for proceedings consistent with this opinion.